**UNITED STATES of America**

v.

**Michael INDELICATO.**

**Crim. No. 94–10129–PBS.**

United States District Court,
D. Massachusetts.

May 2, 1995.

---

Anthony M. Cardinale, Boston, MA, Randy S. Chapman, Chelsea, MA, for defendant.

George W. Vien, U.S. Attorney's Office, OCDETF Div., Crim., Boston, MA, for the U.S.

## MEMORANDUM AND ORDER

SARIS, District Judge.

Before pleading guilty to a misdemeanor count in the Somerville District Court, Michael Indelicato, a licensed gun owner, specifically asked his attorney whether the plea would affect his ability to own firearms in Massachusetts. His attorney answered "no." Unfortunately for Indelicato, his attorney's answer was correct under state law but not under federal law. Neither Indelicato nor his attorney was aware that under federal law, 18 U.S.C. § 922(g), the misdemeanor plea immediately subjected Indelicato to federal criminal liability as an unlawful felon-in-possession of a firearm.

Eleven months after his guilty plea in state court, Indelicato was arrested and charged under 18 U.S.C. § 922(g) and other statutes not relevant here. On January 19, 1995, this court conducted a non-jury trial on the felon-in-possession counts (eight, nine, ten and eleven). Indelicato admitted that he was in possession of firearms and ammunition and that he had previously been convicted of a misdemeanor punishable by imprisonment of up to two and one half years. Indelicato nevertheless pled not guilty to counts eight through eleven, arguing that his prior misdemeanor convictions should not be considered under 18 U.S.C. § 922(g). Indelicato advanced two arguments in support of this position: (1) the misdemeanors fall within the "civil rights restoration" exception of 18 U.S.C. § 921(a)(20) and therefore do not constitute "convictions", and (2) under the doctrine of entrapment by estoppel, Indelicato did not have the requisite intent to violate the federal gun law.

Just as the First Circuit has twice before, the court rejects these arguments and finds Michael Indelicato guilty beyond a reasonable doubt of violating 18 U.S.C. § 922(g) as set forth in counts eight, nine, ten and eleven of the second superseding indictment.

Because the federal gun statute establishes more stringent requirements for gun ownership than does state law, many other Massachusetts gun owners convicted of state misdemeanors may find that they, like Michael Indelicato, are unintentionally violating federal law. There is little, if anything, that a federal district judge can do to ameliorate the effect of this disparity between state and federal law, other than perhaps to sound a loud enough warning bell to alert defense

attorneys and state officials to this little known but significant interplay between state and federal law.

## LEGAL ANALYSIS

Federal law makes it unlawful for any person

(1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year....

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition.

18 U.S.C. § 922(g).[1] It is settled in the First Circuit that to achieve a conviction under this statute, the government must prove three elements:

(1) that the accused was previously convicted of a crime punishable by imprisonment for a term exceeding one year;

(2) that he knowingly possessed a firearm;

(3) and that the firearm was connected with interstate commerce.

*See United States v. Ramos,* 961 F.2d 1003, 1006–07 (1st Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 364, 121 L.Ed.2d 277 (1992). The government has proved each of these elements beyond a reasonable doubt.

■ Indelicato nevertheless argues that he should be found not guilty because his case falls within an exception to 18 U.S.C. § 922(g), which provides that:

[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned *or has had civil rights restored* shall not be considered a conviction for purposes of this chapter.

18 U.S.C. § 921(a)(20) (emphasis added). Massachusetts never suspends the civil rights of those convicted of misdemeanors.

Indelicato therefore contends that his civil rights should be presumed "restored." Otherwise, convicted felons who receive a pardon or a restoration of civil rights in Massachusetts would be treated more leniently under this federal law than mere misdemeanants.

Although Indelicato's argument has some appeal, the First Circuit has twice rejected similar contentions. *See Ramos,* 961 F.2d at 1007–10; *United States v. Nazzaro,* 985 F.2d 552 (1st Cir.1993). Other Circuits have questioned the result in *Ramos, see, e.g., United States v. Thomas,* 991 F.2d 206, 212 (5th Cir.1993), but as Indelicato acknowledges, the law of the First Circuit controls in this case. For the reasons stated in *Ramos* and *Nazzaro,* this court therefore concludes that Indelicato's misdemeanor convictions should not be excluded from consideration by 18 U.S.C. § 921(a)(20).

■ Indelicato's second defense, based on entrapment by estoppel, is similarly unavailing. To raise a claim of entrapment by estoppel, the defendant must show that a state actor erroneously advised him that the action for which he was convicted was legal at the time it was committed, *United States v. Troncoso,* 23 F.3d 612, 615 (1st Cir.1994), and that the defendant reasonably relied on that advice. *Ramos,* 961 F.2d at 1005. Indelicato did rely on the erroneous advice of his privately retained attorney, but the attorney was not a state actor. During the plea colloquy, the district court judge did not erroneously advise Indelicato of the law. Because no state official or judge erroneously advised Indelicato about the effect of the misdemeanor conviction on his ability to possess firearms under federal law, Indelicato cannot contend that he was entrapped by the state.[2]

1. An exception to this statute excludes from consideration any convictions for:

(B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less. 18 U.S.C. § 921(a)(20). This exception does not apply to Indelicato, however, because the misdemeanor to which he pled guilty was punishable by imprisonment for two and a half years.

2. Indelicato did not claim that his continued possession of a Massachusetts Firearms Identifi-

cation Card (FID) constituted an *implied* assurance by state officials that his possession of firearms was legal, perhaps because it would be difficult to demonstrate the reasonableness of his reliance on such an implied assurance. It might, however, be wise for state licensing officials in the future to warn applicants that an FID and gun license only authorize the holder to possess guns under state law, and that federal law establishes different criteria.

In combination with his entrapment defense, Indelicato asserts that he lacked the requisite intent to violate the federal firearms law. Under 18 U.S.C. § 922(g), however, there is no requirement that the government prove an *intent* to violate the law. Thus, although the defense has presented evidence that, based on the erroneous advice of his attorney, Indelicato in good faith believed he was entitled to possess firearms, this fact is irrelevant. *See Ramos,* 961 F.2d at 1005 ("the government need not prove the defendant knew he was violating the federal firearms law, nor would 'ignorance of the law' be a defense").

Indelicato cannot claim entrapment by estoppel, nor does his case fit within the "civil rights restoration" exception to the federal firearms law. The Government having proved the required elements under 18 U.S.C. § 922(g), the Court therefore finds Indelicato guilty beyond a reasonable doubt on counts eight, nine, ten, and eleven.