### UNITED STATES

v.

### Kenneth SCHIAVO.

### Crim. A. No. 92–10008–PBS.

United States District Court,
D. Massachusetts.

Aug. 18, 1995.

---

Albert F. Cullen, Jr., Cullen & Butters, Boston, MA, Richard M. Egbert, Law Office of Richard Egbert, Boston, MA, for Howard T. Winter.

James E. McCall, Boston, MA, Frank P. Marchetti, Somerville, MA, for Gennaro Farina.

Albert F. Cullen, Jr., Cullen & Butters, Boston, MA, Paul Markham, Melrose, MA, for Kenneth Schiavo.

George W. Vien, U.S. Attorney's Office, OCDETF Division, Criminal, Boston, MA, for U.S.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR RETURN OF FORFEITED PROPERTY

SARIS, District Judge.

### INTRODUCTION

On December 1, 1994, Defendant Kenneth Schiavo was convicted on four counts of a superseding indictment charging him with conspiracy to distribute cocaine and possession of cocaine with intent to distribute after a jury trial before this Court. He now presses a previously filed motion for return of property to recover currency which was seized during an illegal search of his person and which had been forfeited after administrative proceedings while he was a fugitive from justice. He also challenges the forfeiture of funds seized after his arrest. His motion for return of the forfeited property

raises questions regarding the rights of fugitives. It is **DENIED.**

## BACKGROUND

At trial, the government introduced evidence of the following facts. On November 1, 1991, a confidential informant, while cooperating with law enforcement officers, received one kilogram of cocaine from co-defendant Howard Winter. Because the informant did not have the money to pay for the cocaine at the time of delivery, Winter informed the confidential informant that Winter's source expected payment soon. Winter's source was Kenneth Schiavo. On November 4, 1991, the confidential informant delivered $9,000.00 in serialized currency to Winter. Law enforcement officers later observed Winter enter a restaurant, then exit. Five minutes later, they observed Schiavo leave the restaurant. When they stopped Schiavo's vehicle and searched Schiavo, they recovered $12,500.00, including the $9,000.00 in serialized currency, which the government had provided to the confidential informant. Schiavo does not contest the forfeiture of the $9,000 in marked government currency.

On January 3, 1992, an arrest warrant issued on a criminal complaint against Schiavo. On January 9, 1992, a grand jury returned an indictment against Schiavo. Schiavo fled the jurisdiction to avoid prosecution. During the period in which Schiavo was a fugitive, pursuant to 21 U.S.C. § 881(a), the United States Drug Enforcement Administration ("DEA") began administrative forfeiture proceedings against the $3,500.00 which was seized on November 4, 1991 ($12,500, less the $9,000.00 which belonged to the government). In conformance with the requirements of 19 U.S.C. §§ 1607–09, the DEA published notice of its intent to forfeit the property once a week for three weeks prior to the forfeiture, and on May 11, 1992 sent out personal notices by certified mail to Schiavo's last known residence. When defendant failed to file a claim and

cost bond, that amount was forfeited in June, 1992.

Schiavo remained a fugitive from justice until he was arrested in a Chelsea apartment building almost a year later, on March 5, 1993. At the time of his arrest, officers seized an additional $1,590.00 in cash from Schiavo.

On May 21, 1993, DEA administratively forfeited the additional $1,590.00, which was seized at the time of Schiavo's arrest. Again, the DEA followed the requirements in 19 U.S.C. §§ 1607–09, including sending the requisite notice to both his residence and the correctional facility where he was then incarcerated. Again, when defendant failed to file a claim and a cost bond within twenty days, the DEA declared the property administratively forfeited.

On July 13, 1994, the First Circuit affirmed the ruling of the trial court judge (Harrington, J.) that the currency, and other evidence simultaneously seized, be suppressed at trial, because the seizing officers lacked probable cause for the search. *United States v. Schiavo*, 29 F.3d 6, 10 (1st Cir.1994). On September 19, 1994, defendant filed the present motion for return of property. On October 13, 1995, the trial judge recused himself, and the case was transferred to this Judge. The Court deferred ruling on the motion for return of property until after the verdict. On December 1, 1994, Schiavo was convicted of conspiracy to distribute drugs, and distribution of drugs on three dates, including November 1, 1991.

■ On April 7, 1995, the sentencing hearing was held. Defendant pressed the motion for return of property, as he wanted to apply the forfeited money against the fine imposed. A briefing schedule was set as to the validity of the administrative forfeiture proceedings. Meanwhile, on April 13, 1995, defendant filed a timely notice of appeal[1], and on April 27, 1995 the record was sent to the First Circuit. The briefing on the forfeiture of the currency was completed on July 24, 1995.

---

1. Neither party has contested this Court's jurisdiction. Although the criminal judgment is on appeal, this motion for return of property would not affect the judgment or sentence. Accordingly, the Court has jurisdiction to resolve it, and this order may be separately appealed. *See* Fed. R.App.P. 4(b).

## DISCUSSION

### A. *Forfeiture and the Fourth Amendment*

■ Evidence derived from an illegal search or seizure is inadmissible in a civil forfeiture proceeding under the exclusionary rule. *One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania*, 380 U.S. 693, 702, 85 S.Ct. 1246, 1251, 14 L.Ed.2d 170 (1965).

However, numerous courts have held that "the illegal seizure of property, standing alone, will not immunize that property from forfeiture, so long as impermissibly obtained evidence is not used in the forfeiture proceeding." *United States v. Property at 4492 S. Livonia Rd., Livonia, New York*, 889 F.2d 1258, 1265 (2d Cir.1989). The First Circuit was among the first courts to adopt this rule:

> "[I]t is not clear why an inadequacy in the process used to secure initial possession would or should defeat the government's ultimate entitlement to the property as established by untainted evidence at a properly conducted forfeiture proceeding. It is one thing to deny the government the use, in a trial, of evidence arrived at as a result of illegal procedures, and another to divest the government of property obtained to which it is entitled on the basis of legally obtained proof simply because of a purported initial misstep in the government's mode of taking temporary possession."

*United States v. One 1975 Pontiac Lemans*, 621 F.2d 444, 450–51 (1st Cir.1980); *see also Matter of $91,000*, 715 F.Supp. 423, 427 (D.R.I.1989) (A "movant has no right to the return of property that is contraband or from which she has been somehow legally dispossessed.") (citing *Shea v. Gabriel*, 520 F.2d 879, 882 (1st Cir.1975)). *Cf. United States v. One Ford 198X Mustang, Vehicle Identification No. 1FAB42E5JF290177*, 749 F.Supp. 324, 329 (D.Mass.1990) (*Pontiac Lemans* distinguished where illegally obtained evidence used to strengthen the case for forfeiture).

■ If a claimant believes the initial seizure is improper, he can file a motion under Fed.R.Crim.P. 41(e) for return of seized property. *See United States v. $8,850 in U.S. Currency*, 461 U.S. 555, 569, 103 S.Ct. 2005, 2014, 76 L.Ed.2d 143 (1983); *accord Application of Kingsley*, 802 F.2d 571, 580 (1st Cir.1986) (Coffin, J., concurring). Even where a Rule 41(e) motion is the inappropriate vehicle for challenging a civil forfeiture, the court has power to fashion a remedy under its inherent equitable authority if an administrative seizure results in the denial of due process rights. *United States v. Castro*, 883 F.2d 1018, 1020 (11th Cir.1989). *See also In re Harper*, 835 F.2d 1273, 1274 (8th Cir.1988) (discussing equitable jurisdiction in the context of a challenge to a forfeiture by way of a civil complaint). The district courts have jurisdiction to entertain collateral due process attacks on administrative forfeitures in a civil action under 28 U.S.C. § 1331. *United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir.1995). A motion filed under Rule 41(e) may in appropriate circumstances be treated as a civil complaint to permit a challenge to forfeiture after the criminal proceedings against the movant have been completed. *Id.* The motion now pending will be so treated. In any event, it is clear that a "forfeiture cannot be challenged in district court under any legal theory if the claims *could have* been raised in an administrative proceeding, but *were not.*" *Linarez v. U.S. D.O.J.*, 2 F.3d 208, 213 (7th Cir.1993) (Emphasis in original).

The main argument pressed by defendant at hearing was that the seizing officers' violation of the Fourth Amendment entitles him to return of the first lot of seized currency. It will first be observed that, under the principles elaborated above, the most defendant stands to gain is a forfeiture hearing, to determine whether the government can justify the forfeiture through untainted evidence.

■ More fundamentally, defendant had the opportunity to make the same argument at either administrative hearing had he responded to the notice of forfeiture. Relief under equitable principles or under Fed. R.Crim.P. 41(e) is unavailable where the defendant had an adequate remedy at law, such as the hearing provided for in the forfeiture statutes. *Linarez*, 2 F.3d at 213 (reasoning that defendant's failure to avail himself of

648

forfeiture hearing does not render that remedy inadequate, so long as defendant could have asserted the same claims at such a hearing).

## B. *Fugitive from Justice Doctrine*

Defendant suggested that with respect at least to the seizure of the $3,500 the administrative remedy was inadequate because, as a fugitive, defendant had no realistic chance of receiving the notice that was given. "Whereas most challenges to forfeiture would be foreclosed by a plaintiffs' failure to utilize the mechanism for obtaining judicial relief provided in the forfeiture statute and regulations, courts have entertained challenges to the adequacy of notice, reasoning that the mechanism is not available to a plaintiff who is not properly notified of the pending forfeiture." *Sarit v. U.S. Drug Enforcement Admin.*, 987 F.2d 10, 17 (1st Cir.), *cert. denied*, — U.S. —, 114 S.Ct. 241, 126 L.Ed.2d 195 (1993); *see also United States v. Woodall*, 12 F.3d 791, 794 n. 1 (8th Cir.1993) (holding that district court has jurisdiction to consider a collateral due process attack on an administrative forfeiture involving challenge to adequacy of notice raised in a motion pursuant to Fed.R.Crim.P. 41(e) after the conclusion of his criminal proceeding, although concluding a 41(e) motion was not the "proper remedy").

■ The adequacy of notice for purposes of the civil forfeiture statute should be measured against the standard stated in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). *See United States v. Giraldo*, 45 F.3d at 511. "[N]otice [must be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.... [T]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt." *Torres v. $36,256.80 in U.S. Currency*, 25 F.3d 1154, 1161 (2d Cir.1994) (notice inadequate where certified letters to last known home and to prison were returned

undelivered, and, in the latter case, stamped "not at [this] prison").

Here, defendant suggests that the personal notice sent to his last known residence was inadequate, because the government was aware that he was a fugitive from justice at the time. This seems to be an argument of first impression. It does not sway this court. There is no doubt the government was doing its best to locate Schiavo—to arrest him—and was unable to do so. It sent the first notice to an address where it might be opened by persons in secret contact with him, or by persons who would attempt to challenge the forfeiture themselves, either on the basis of an asserted ownership interest in the forfeited property, or as the fugitive's representative.[2] To hold that the notice in this case was inadequate would be to say that notice can never be served upon a fugitive, and would effectively preclude the forfeiture of property seized from persons who flee justice shortly after the seizure, until such time as they are located.

The government urges that fugitives should not be rewarded through postponement of the forfeiture process but should be penalized for their status, by being stripped of all rights to challenge administrative forfeitures later. At least four circuits have extended the fugitive disentitlement doctrine of *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) (fugitive waives right to appeal conviction) to bar former fugitives from challenging civil forfeiture proceedings. *See United States v. $40,877.59 in U.S. Currency*, 32 F.3d 1151, 1153 (7th Cir.1994) (discussing doctrine and surveying circuits). However, two circuits have declined to extend the doctrine broadly to this context. *Id.*

While the First Circuit has extended the application of the fugitive from justice doctrine beyond the appeal of a criminal case to a civil case, it cautions that such extension is appropriate only where the civil case is "closely related to the criminal matter in which the applicant is a fugitive." *United States v. Pole No. 3172*, 852 F.2d 636, 643 (1st Cir.1988) (disentitlement doctrine not ap-

---

2. This court expresses no opinion as to whether such an attempt could succeed. *Cf. United States v. $129,374 in U.S. Currency*, 769 F.2d 583, 587 (9th Cir.1985) (fugitive disentitlement doctrine

bars fugitive's successor-in-interest from challenging administrative forfeiture), *cert. denied*, 474 U.S. 1086, 106 S.Ct. 863, 88 L.Ed.2d 901 (1986).

plicable where it was not clear that defendant's fugitive status was related to civil forfeiture proceeding in Rhode Island involving property purchased ten years before the indictment in Florida, defendant had no notice of proceeding at which he failed to appear, and there was no evidence applicant was willfully hiding from the Rhode Island court handling the forfeiture claim).

The notice given to Schiavo was adequate under the circumstances. With respect to the $3,500 seized during the illegal search, the fugitive from justice doctrine bars his claims because it is clear that the civil forfeiture proceedings are closely related to the criminal matter from which the applicant was a fugitive. With respect to the second forfeited lot of currency seized upon his arrest as a fugitive, Schiavo presents no evidence as to why the notice was inadequate.

■ Finally, at the hearing, Schiavo's counsel claims that some of the money belonged to a family member, not to Schiavo. That may be the basis for a collateral attack on the adequacy of the notice of the administrative forfeiture proceeding under this court's equitable jurisdiction by the aggrieved party. Schiavo does not have standing to press it.

### C. Double Jeopardy

■ Schiavo's last theory relates to jeopardy. For the sake of argument, it will be assumed that an attack on such grounds is not barred by defendant's administrative default.

The First Circuit held that civil forfeiture does not constitute "punishment" for purposes of the double jeopardy clause. *United States v. A Parcel of Land,* 884 F.2d 41, 43 (1st Cir.1989). Buttressed by a recent Ninth Circuit opinion, defendant argues that the First Circuit's position has been thrown into doubt by *Austin v. United States,* — U.S. —, —, 113 S.Ct. 2801, 2806, 125 L.Ed.2d 488 (1993), which held that civil forfeiture constitutes "punishment" which is "subject to the limitations of the Eighth Amendment's Excessive Fines Clause." The Ninth Circuit has held:

"We believe that the only fair reading of the Court's decision in *Austin* is that it resolves the "punishment" issue with re-

spect to forfeiture cases for purposes of the Double Jeopardy Clause as well as the Excessive Fines Clause."

*See United States v. $405,089.23 in U.S. Currency,* 33 F.3d 1210, 1219 (9th Cir.1994) (where a civil forfeiture action was instituted after a criminal indictment which did not contain a forfeiture count, and was stayed pending completion of the parallel criminal proceeding, the civil forfeiture proceeding was barred under the double jeopardy clause).

The government responds with a persuasive Seventh Circuit case which held that one who has not filed a claim after receiving notice in a civil forfeiture administrative proceeding filed against him is a "non-party," and therefore cannot be said to have experienced jeopardy. *United States v. Torres,* 28 F.3d 1463, 1465 (7th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994). While Schiavo did not get notice in the instant case, the failure to receive notice was his own fault. Accordingly, the *Torres* reasoning controls.

### ORDER

For the foregoing reasons, defendant's Motion for Return of Property is **DENIED.**