Orlando **THOMAS**

v.

**UNITED STATES of America.**

C.A. No. 96–0202L.

United States District Court,
D. Rhode Island.

Oct. 11, 1996.

Orlando Thomas, Fairton, NJ, Pro Se.

Stephanie S. Browne, Assistant U.S. Attorney, U.S. Attorney's Office, Providence, RI, for the U.S.

*MEMORANDUM AND ORDER*

LAGUEUX, Chief Judge.

This is a motion by petitioner, Orlando Thomas, pursuant to 28 U.S.C. § 2255 to vacate sentence. Thomas contends that his conviction in this Court in 1994, under 18 U.S.C. § 922(g) for being a convicted felon in possession of a firearm, has been rendered invalid by the holding in *United States v. Caron,* 77 F.3d 1 (1st Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 2569, 135 L.Ed.2d 1085 (1996), in that his civil rights had been restored, prior to his conviction, under Rhode Island law. His attempt at invalidating his sentence and conviction misses by a wide margin.

In order to understand this case, it is necessary to discuss the background to some extent. On July 12, 1994, two Providence police officers were dispatched to an apartment at 61 Detroit Avenue in Providence

because of a report of a disturbance. Upon arrival, they met with Thelma Cornwell, who occupied the apartment. She requested that they remove her boyfriend, Orlando Thomas. The officers called the police station to determine whether Thomas was wanted by the authorities. It transpired that there was an outstanding warrant for the arrest of Thomas for a domestic assault. Thomas was handcuffed and a pat down search was performed.

During the pat down search, it was discovered that Thomas had a lump in his right front vest pocket. Low and behold, secreted therein was a pistol loaded with five rounds of ammunition. After a brief attempt to flee, Thomas was apprehended and brought to the police station.

On August 18, 1994, Thomas was indicted by a federal grand jury for the District of Rhode Island. He was charged with being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The case was assigned to this writer and designated as CR No. 94–63L.

On September 15, 1994, Thomas pleaded guilty to the indictment pursuant to a plea agreement with the government. Thomas had three prior qualifying convictions in the Rhode Island state courts. On January 5, 1994, he had pleaded nolo contendere in Providence County Superior Court to a charge of possession of heroin with intent to deliver, receiving a sentence of 6 years, 30 days to serve in prison; 5 years 11 months suspended, with 5 years and 11 months probation. On January 10, 1990, he had pleaded nolo contendere in Providence County Superior Court to a charge of possession of marijuana and was sentenced to 1 year, 60 days to serve; 10 months suspended with 10 months probation. On June 13, 1988, he had pleaded nolo contendere in Providence County Superior Court to a charge of possession of cocaine and was sentenced to 2 years of probation.

Thomas appeared for sentencing in this Court on November 22, 1994. The Court determined, after giving Thomas a three point reduction for acceptance of responsibility, that his total offense level was 17 with a criminal history category of V. This produced a guideline range of 46 to 57 months of incarceration. The Court sentenced Thomas to a term of 57 months of imprisonment to be followed by 3 years of supervised release. Thomas did not appeal.

On April 9, 1996, Thomas filed this petition for vacation of sentence. There are two statutes which are involved in this matter. 18 U.S.C. § 922(g)(1) (1994) provides: "It shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... [to] possess in or affecting commerce, any firearm. or ammunition." Thomas was convicted of a violation of that statute. The other statute which bears on this matter is 18 U.S.C. § 921(a)(20) (1994). That section provides:

> The term "crime punishable by imprisonment for a term exceeding one year" does not include—
>
> (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or
>
> (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.
>
> *What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.* (Emphasis added.)

*United States v. Caron* was decided by the First Circuit on February 26, 1996. 77 F.3d 1 (1st Cir.), *cert. denied,* — U.S. —, 116 S.Ct. 2569, 135 L.Ed.2d 1085 (1996). Sitting en banc, the Court held that statutes of general application which restore certain specific civil rights to felons fall within the meaning of 18 U.S.C. § 921(a)(20) and thus may prevent prosecution of those individuals

under 18 U.S.C. § 922(g)(1). The First Circuit stated that " 'civil rights,' within the meaning of § 921(a)(20), have been generally agreed to comprise the right to vote, the right to seek and hold public office, and the right to serve on a jury." *Id.* at 2. The Court went on to explain that laws of general application which automatically restore civil rights to felons fall within the purview of § 921(a)(20) and there need not be a focused or individualized restoration of rights. *Id.* at 4. However, where civil rights are restored by a statute of general application, the courts must look to the "whole of state statutory law to determine whether the state treats [the defendant] as 'convicted' for the purpose of possessing firearms." *Id.* at n. 5 (quoting *United States v. Glaser*, 14 F.3d 1213, 1218 (7th Cir.1994); *see also United States v. Dupaquier*, 74 F.3d 615, 617 (5th Cir.1996).

Rhode Island has provided for the restoration of the rights to vote, hold office, and serve on a jury by the state constitution and statutes. Article 2, Section 1 of the Rhode Island Constitution provides that a felon's right to vote shall be restored upon the "completion of such felon's sentence, served or suspended, and of parole or probation regardless of a nolo contendere plea." Likewise, a felon's right to serve on a jury is restored upon "completion of such felon's sentence, served or suspended, and of parole or probation regardless of a nolo contendere plea." R.I.Gen.Laws § 9–9–1.1(c). However, the restoration of the right to hold office occurs at a later time. No felon, nor certain misdemeanants, may "attain or return to any office until three years after the date of completion of such sentence and of probation or parole." R.I. Const. Art. 3, § 2.

■ Even where expungement, pardon or restoration of civil rights has occurred, 18 U.S.C. § 921(a)(20) provides no safe haven for those who are nonetheless forbidden to possess firearms by state law. Thus, a general statute which bars a felon from firearms possession is not negated by statutes of general application which restore other civil rights. Rhode Island has such a statute.

Rhode Island specifically forbids certain felons from possessing firearms, no matter when their convictions occurred. "No person who has been convicted in this state or elsewhere of a crime of violence ... shall purchase, own, carry, transport, or have in his or her possession any firearm." R.I.Gen.Laws § 11–47–5(a). Crimes of violence are defined in R.I.Gen.Laws § 11–47–2(2) to include "any felony violation involving the illegal manufacture, sale, or delivery of a controlled substance, or possession with intent to manufacture, sell, or deliver a controlled substance classified in schedule I or schedule II of § 21–28–2.08."

■ This Court does not have to decide whether the decision in *Caron* should be retroactively applied to this case because it is obvious that Thomas does not qualify under that decision to have his sentence and conviction vacated. First of all, he was under the suspended sentence imposed as a result of his 1994 heroin conviction in state court when he committed this crime, when he was indicted, when he pleaded, and when he was sentenced on November 22, 1994. Therefore, Thomas' civil rights had not been restored by operation of Rhode Island law.

■ In addition, it is clear under Rhode Island law that even if his civil rights had been restored, he would be forever barred from possession of a firearm and thus, subject to federal prosecution under 18 U.S.C. § 922(g)(1).

Therefore, it is absolutely clear that his sentence and conviction under § 922(g)(1) in this Court in 1994 was legal and proper and there is no basis for vacating that sentence and conviction. Consequently, the motion to vacate sentence is denied.

It is so ordered.