**UNITED STATES of America**

**v.**

**Michael INDELICATO.**

**Criminal No. 94–10129–PBS.**

United States District Court,
D. Massachusetts.

May 16, 1997.

James L. Sultan, Rankin & Sultan, Boston, MA, Randy S. Chapman, Chelsea, MA, Anthony M. Cardinale, Boston, MA, for Defendant.

## ORDER RE: DEFENDANT'S MOTION FOR RETURN OF PROPERTY

### (DOCKET ENTRY # 351)

BOWLER, United States Magistrate Judge.

Defendant Michael Indelicato ("defendant") seeks the return of firearms and am-

munition seized by the government on May 7, 1994, inasmuch as the First Circuit vacated his convictions for violating 18 U.S.C. § 922(g)(1) on October 15, 1996. (Docket Entry # 351). In particular, pursuant to Rule 41(e), Fed.R.Crim.P. ("Rule 41(e)"), and 18 U.S.C. § 924(d)(1), defendant moves for the return of the ammunition listed in exhibit A (Docket Entry # 351, Ex. A) and the following four firearms: (1) a Mossberg 12 gauge shotgun bearing serial number K662911 ("the Mossberg"); (2) an AMI Model Lightening .22 caliber rifle bearing serial number J02694 ("the AMI"); (3) an IMI Model UZI A 9 mm. semiautomatic rifle bearing serial number SA19524 ("the UZI"); and (4) a Walther semiautomatic pistol .22 caliber rifle bearing serial number 48684LR ("the Walther").

The government opposed the return of the AMI and the Walther on the basis that defendant did not own the firearms at the time of his May 7, 1994 arrest. The government objected to the return of the UZI because defendant did not lawfully possess the firearm by operation of 18 U.S.C. § 922(v)(1) and (2), 18 U.S.C. § 922(g)(1), 18 U.S.C. § 921(a)(20) and Rule 41(e).

On April 11, 1997, this court held a hearing on the motion for the return of the firearms and ammunition. At the hearing, the government conceded defendant's ownership of the Mossberg. As provided for under 18 U.S.C. § 924(d)(1), upon acquittal of a defendant or the dismissal of the charges against the defendant, any seized "firearms or ammunition shall be returned forthwith to the owner or ... to a person delegated by the owner ... unless the return of the firearms or ammunition would place the owner ... or his delegate in violation of law." Defendant, who pled guilty to other felony charges,[1] designated Anthony Indelicato, defendant's

---

[1] In a jury waived trial on stipulated facts, the district court found defendant guilty of the four charges of possessing firearms and ammunition, having previously been convicted of a crime punishable by more than one year in prison, 18 U.S.C. § 922(g)(1). The First Circuit vacated these convictions on October 15, 1996.

Defendant also pled guilty to felony charges of possession and distribution of cocaine, conspira-

cy to distribute cocaine, wire fraud and conspiracy to defraud the United States. (Docket Entry # 290); see United States v. Indelicato, 97 F.3d 627, 627 (1st Cir.1996). These convictions remain in effect. Defendant therefore admits that, "Due to his conviction on other felony charges, Michael Indelicato is no longer lawfully permitted to possess firearms." (Docket Entry # 351, p. 3).

brother, to take possession of the returned firearms and ammunition. Anthony Indelicato attests that he has never been convicted of a felony and possesses a valid Massachusetts firearms identification card. (Docket Entry # 351, Ex. B). Accordingly, at the April 11, 1997 hearing this court ordered the government to return the Mossberg and the ammunition to Anthony Indelicato within two weeks.

With respect to the AMI, defendant produced documentation at the April 11, 1997 hearing that he purchased the AMI at Riley's Sport Shop, Inc. in Hooksett, New Hampshire in November 1992. (Ex. A). This court therefore allowed the government two weeks to verify the proffer and ordered the government to turn over the AMI and the ammunition to Anthony Indelicato at the end of the two week period unless the government filed a further pleading objecting to the return of the AMI.[2]

Turning to the Walther, at the April 11, 1997 hearing, defendant maintained that he had acquired the Walther from another individual. This court therefore directed defendant to submit an affidavit within three weeks detailing the date and the place of purchase as well as the price of the Walther. This court further allowed the government ten days to respond to the affidavit.

On May 2, 1997, defendant filed an affidavit averring that in March 1994 Vincent Ricci transferred ownership of the Walther to defendant at defendant's place of business in Malden, Massachusetts. The government did not file a response. In light of defendant's ownership of the Walther, therefore, this court orders the government to return the Walther and the ammunition to defendant's delegate, Anthony Indelicato, forthwith as required under 18 U.S.C. § 924(d)(1).

At the close of the April 11, 1997 hearing, this court took the issue of the return of the UZI under advisement. Three days after the hearing, the government filed a memorandum supplementing its argument with respect to the UZI.

### DISCUSSION

Defendant styles his motion in this criminal action as seeking the return of seized firearms and ammunition under Rule 41(e) and 18 U.S.C. § 924(d)(1). Post-conviction motions for the return of seized property are generally treated as civil proceedings for equitable relief. *See Thompson v. Covington,* 47 F.3d 974, 975 (8th Cir.1995); *Rufu v. United States,* 20 F.3d 63, 65 (2d Cir.1994); *accord United States v. Giraldo,* 45 F.3d 509, 511 (1st Cir.1995). As noted by the First Circuit, a defendant may bring an independent civil action for the return of seized property after closure of the criminal proceeding with the complaint generally serving "as the functional equivalent of a Rule 41(e) motion." *United States v. Guzman,* 85 F.3d 823, 830 (1st Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 537, 136 L.Ed.2d 422 (1996).

In addition to the civil nature of a motion for return of seized property, the jurisdictional basis for the proceeding will vary depending on the nature of the proceedings. In the context of administrative forfeitures, "district courts have jurisdiction to entertain collateral due process attacks" on the administrative proceeding. *United States v. Giraldo,* 45 F.3d at 511 (further noting that federal question jurisdiction under 28 U.S.C. § 1331 provides the basis to pursue the action); *accord United States v. Schiavo,* 897 F.Supp. 644, 647 (D.Mass.1995), *affm'd,* 94 F.3d 640 (1st Cir.1996) (citing *Giraldo* ). Subject matter jurisdiction ancillary to the trial court's criminal jurisdiction also gives the trial court the ability to hear a Rule 41(e) motion.[3] *Thompson v. Covington,* 47 F.3d 974, 975 (8th Cir.1995); *accord United States v. Garcia,* 65 F.3d 17, 20 (4th Cir.1995) (although second sentence of Rule

---

**2.** The government's subsequent filings concerned the UZI as opposed to the AMI.

**3.** Defendant does not contend that the May 1994 seizure was unlawful. Rather, he submits that 18 U.S.C. § 924(d)(1) mandates the return of the property because the First Circuit vacated his convictions on the firearms possession charges.

As amended, Rule 41(e) allows the aggrieved person "whose property has been lawfully seized" to "seek the return of [the] property when aggrieved by the government's continued possession of it." Rule 41(e), Advisory Committee Notes, 1989 Amendment.

41(e) can only apply to pending criminal proceedings, trial court retains power, "under principles of 'ancillary' jurisdiction, to address" Rule 41(e) motion); *Rufu v. United States*, 20 F.3d at 65; *United States v. Giovanelli*, 998 F.2d 116, 118–119 (2d Cir.1993) (district court has ancillary jurisdiction over post-trial motion for return of property with Rule 41(e) motion treated as civil equitable proceeding); *United States v. Taylor*, 975 F.2d 402, 403 (7th Cir.1992) (Rule 41(e) motion for return of property filed more than one year after conviction with court noting that, "criminal prosecution supplies subject-matter jurisdiction extending to ancillary disputes"); *see also United States v. Guzman*, 85 F.3d at 830 (citing *United States v. Giovanelli*, 998 F.2d at 118–119). Treated as an equitable civil proceeding, therefore, this court has jurisdiction to entertain defendant's Rule 41(e) motion in light of the foregoing authority.[4]

■ As noted above, 18 U.S.C. § 924(d)(1) requires the return of the seized UZI and ammunition unless the return would place defendant or his delegate in violation of the law. The statute authorizes the seizure and forfeiture of firearms or ammunition for a knowing violation of section 924 provided:

That upon acquittal of the owner or possessor, or dismissal of the charges against him ... the seized or relinquished firearms or ammunition shall be returned forthwith to the owner ... or to a person delegated by the owner. unless the return of the firearms or ammunition would place the owner ... or his delegate in violation of law.

18 U.S.C. § 924(d)(1).

Defendant requests that this court return the UZI and ammunition to his delegate,

Anthony Indelicato. Section 924(d)(1) allows the return of the UZI and ammunition unless the return would place Anthony Indelicato "in violation of law." 18 U.S.C. § 924(d)(1). As the government points out, 18 U.S.C. § 922(v)(1) prescribes the possession of semiautomatic assault weapons which, under the statutory definition of such weapons, includes the seized UZI. The relevant subsection states, in no uncertain terms, that, "It shall be unlawful for a person to manufacture, transfer, or possess a semiautomatic assault weapon." 18 U.S.C. § 922(v)(1). Semiautomatic assault weapons include firearms known as "Action Arms Israeli Military Industries UZI and Galil." 18 U.S.C. § 921(a)(30)(A)(ii). Finally, although 18 U.S.C. § 922(v)(2) contains a grandfather clause allowing the continued possession of an UZI "otherwise lawfully possessed under Federal law on the date of enactment of this subsection [September 13, 1994]," Anthony Indelicato does not fall within the clause because he did not possess the UZI on September 13, 1994. Contrary to defendant's position, therefore, 18 U.S.C. § 922(v) makes it unlawful for Anthony Indelicato to possess the UZI. Stated otherwise, his possession of the UZI would place him "in violation of the law" within the meaning of 18 U.S.C. § 924(d)(1). On the other hand, 18 U.S.C. § 922(v) does not place Anthony Indelicato in violation of the law for possessing ammunition. This court need go no further.

■ The government, however, additionally argues that defendant is not entitled to possess the UZI because he does not fall within the grandfather clause of 18 U.S.C. § 922(v)(2).[5] The grandfather clause allows defendant to possess the UZI if he "lawfully

---

4. It is also worth recognizing that 28 U.S.C. § 1346(a)(2) vests original jurisdiction in the district court, concurrent with the United States Court of Federal Claims, over nontort claims against the United States not exceeding $10,000. *See, e.g., Toure v. United States*, 24 F.3d 444, 445 (2d Cir.1994).

5. Because defendant's motion (Docket Entry # 351) only seeks the return of the property to his delegate, Anthony Indelicato, it is unclear why the government raises the argument that defendant cannot lawfully possess the UZI. Moreover, defendant addressed the argument at the

April 11, 1997 hearing without contending that he only seeks the return of the seized firearms and ammunition to Anthony Indelicato thereby making the government's argument irrelevant. While principles of agency law may apply, *see United States v. Craig*, 896 F.Supp. 85, 89 (N.D.N.Y.1995), such principles do not detract from the above reasoning that Anthony Indelicato cannot possess the UZI by virtue of 18 U.S.C. § 922(v). In light of the parties' positions, therefore, this court will address the government's argument.

possessed" the weapon on September 13, 1994.[6] The government asserts that defendant did not "lawfully" possess the UZI on September 13, 1994, because he was, at that time, convicted of "a crime punishable by imprisonment for a term exceeding one year" and therefore prohibited from possessing firearms or ammunition under 18 U.S.C. § 922(g)(1). As crimes punishable by imprisonment for more than one year, the government proffers the Massachusetts misdemeanor convictions which provided the basis for defendant's May 2, 1995 convictions for possessing firearms in violation of 18 U.S.C. § 922(g), *United States v. Indelicato*, 887 F.Supp. 23 (D.Mass.1995), later vacated by the First Circuit, *United States v. Indelicato*, 97 F.3d 627 (1st Cir.1996) (Massachusetts misdemeanor convictions could not serve as predicates for § 922(g)(1)). More convincingly for the government, it also offers a Massachusetts felony conviction for uttering a forged instrument which is punishable by a state prison term of up to ten years.[7] Mass. Gen. L. ch. 267, § 5.

Crimes punishable by terms of imprisonment of more than one year for purposes of 18 U.S.C. § 922(g)(1) are defined by state law. 18 U.S.C. § 921(a)(20); *United States v. Caron*, 77 F.3d 1, 3 (1st Cir.1996). The definition for these predicate convictions, however, excludes convictions for which the defendant "has had [his] civil rights restored.'" 18 U.S.C. § 921(a)(20); *United States v. Indelicato*, 97 F.3d 627, 628–629 (1st Cir.1996). Accordingly, such convictions cannot serve as predicate convictions for purposes of 18 U.S.C. § 922(g)(1).

"[T]he civil rights that must be restored to trigger the exception are the rights to vote, to hold public office, and to serve on a jury." *United States v. Estrella*, 104 F.3d 3, 5–6 (1st Cir.1997). Massachusetts statutes of general application which restore one or more of these rights to a convicted defendant "fall within the meaning of 18 U.S.C. § 921(a)(20) and thus may prevent prosecution of those individuals under 18 U.S.C. § 922(g)(1)." *Thomas v. United States*, 941 F.Supp. 23, 24–25 (D.Mass.1996).

Turning to the misdemeanors as predicate convictions, in Massachusetts misdemeanants do not lose the right to serve on a jury, to vote and to hold public office. *United States v. Indelicato*, 97 F.3d at 628–629. Because it is illogical to distinguish between a defendant's whose civil rights were never taken away from one whose civil rights were taken away and then restored, the First Circuit held that defendant's civil rights, to the extent that they were never taken away by his misdemeanor convictions, should be treated as restored for purposes of 18 U.S.C. § 921(a)(20) thereby precluding convictions under 18 U.S.C. § 922(g)(1).[8] *United States v. Indelicato*, 97 F.3d at 630.

In contrast to the Massachusetts misdemeanor convictions, defendant's Massachusetts felony conviction offers a more auspicious predicate conviction for purposes of 18 U.S.C. § 922(g)(1). In Massachusetts, a felony conviction does not take away the defendant's right to vote. Mass. Gen. L. ch. 54, § 86; Mass. Gen. L. ch. 50, § 1 (definition of "specially qualified voter" includes persons "confined in a correctional facility or jail"). Convicted felons do lose their right to hold

---

**6.** The government does not make this argument with respect to the ammunition (No Docket Entry # Assigned, Memorandum in Opposition, Filed 2/18/97, pp. 3–5; Docket Entry # 361) inasmuch as 18 U.S.C. § 922(v) only makes it unlawful to possess an UZI as opposed to ammunition for an UZI.

**7.** Massachusetts defines a felony conviction by virtue of whether the offense is punishable by a term of imprisonment in a state prison. The relevant statute states that:

A crime punishable by death or imprisonment in the state prison is a felony. All other crimes are misdemeanors.

Mass. Gen. L. ch. 274, § 1. Accordingly, Massachusetts classifies uttering a forged instrument as a felony.

**8.** This court remains unconvinced by the government's argument that the law in September 1994 under *United States v. Ramos*, 961 F.2d 1003 (1st Cir.), *cert. denied*, 506 U.S. 934, 113 S.Ct. 364, 121 L.Ed.2d 277 (1992) (rights never taken away cannot be restored for purposes of 18 U.S.C. § 921(a)(20)), with respect to defendant placed him in violation of 18 U.S.C. § 922(g)(1). Nevertheless, because it is unnecessary to reach this issue at this point in time, this court declines to address the matter.

public office, however, but only during their period of incarceration. Mass. Gen. L. ch. 279, § 30; *United States v. Caron,* 941 F.Supp. 238, 241 (D.Mass.1996).

Irrespective of whether defendant had the right to hold public office in September 1994, he undoubtedly did not have the right to serve on a Massachusetts jury. In Massachusetts, a convicted felon cannot serve on a jury if he "is a defendant in a pending felony case or is in the custody of a correctional institution." [9] Mass. Gen. L. ch. 234A, § 4(7). In September 1994 defendant was "a defendant in a pending felony case" in this district. He was also incarcerated by virtue of this court's May 20, June 7 and August 3, 1994 orders of detention. Accordingly, defendant did not have the right to serve on a jury in September 1994 and there is no showing that this right was or has been restored. Thus, the felony conviction for uttering a forged instrument does not fall within the exception for convictions involving restored civil rights, 18 U.S.C. § 921(a)(20), and therefore constitutes a predicate conviction for purposes of 18 U.S.C. § 922(g)(1). Accordingly, defendant cannot take advantage of the grandfather clause of 18 U.S.C. § 922(v) and therefore did not lawfully possess the UZI under federal law on September 13, 1994.

### CONCLUSION

Defendant's motion for return of property (Docket Entry # 351) is **ALLOWED** insofar as the government shall return forthwith the Mossberg, the AMI, the Walther and all seized ammunition to defendant's delegate, Anthony Indelicato, to the extent that the government has not already returned these firearms and ammunition to Anthony Indelicato. To the extent the motion seeks the return of the UZI to Anthony Indelicato, the motion (Docket Entry # 351) is **DENIED.**

---

9. In addition, a convicted felon cannot serve on a jury for a period of seven years following his conviction, Mass. Gen. L. ch. 234A, § 4(7), but the government did not provide the date of defendant's felony conviction for uttering a forged instrument.