COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Clements and Senior Judge Hodges
Argued at Chesapeake, Virginia


TROUSSANT DELANO LETT

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2611-99-1        JUDGE JEAN HARRISON CLEMENTS
                                         OCTOBER 24, 2000
COMMONWEALTH OF VIRGINIA

          FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                    AND COUNTY OF JAMES CITY
                Samuel Taylor Powell, III, Judge

          Erika L. Winter for appellant.

          Thomas D. Bagwell, Senior Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Troussant Delano Lett was convicted in a bench trial of

operating a motor vehicle on a highway of the Commonwealth after

having been adjudicated an habitual offender, second or subsequent

offense, in violation of Code § 46.2-357(B)(3).  On appeal, he

contends that the trial court erred in convicting him in violation

of his right to due process of law.  We disagree and affirm the

conviction.

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

value, this opinion recites only those facts necessary to a

disposition of this appeal.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Specifically, Lett contends that, because he reasonably relied on a ruling by a judge in an earlier habitual offender proceeding and on assurances from his attorney at that proceeding that he could drive as an habitual offender in apartment complexes, his prosecution and conviction for driving on a road within an apartment complex violate his constitutional right to due process.

## A. Procedural Bar

The Commonwealth preliminarily contends that Lett's constitutional claim is barred because he failed to raise the due process issue at trial. We disagree with the Commonwealth's premise and find that appellant's claim is not procedurally barred.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." The purpose of Rule 5A:18 is to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus reducing the need for appeals and new trials. See Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc); Kaufman v. Kaufman, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991).

Here, Lett's attorney argued during closing argument at trial that, in driving within the apartment complex, Lett was relying on advice and information he had received from a judge and from his attorney regarding where he could permissibly drive as an habitual offender. Lett's reliance on such advice and information, his attorney argued, precluded his prosecution and conviction "as a matter of justice."

While not couched in specific constitutional terms, Lett's defense at trial was plainly an argument of fairness grounded in the Due Process Clause of the Fourteenth Amendment. We find that it was sufficient to inform the trial court and opposing party of his belief that his prosecution and conviction for driving in a location that he had been informed by the court and his attorney was permissible would violate his right to due process of law. Accordingly, the issue was properly preserved for our consideration on appeal.

## B. Due Process Rights

The due process defense asserted here by Lett is a narrow constitutional exception to the common law rule that ignorance of the law is no excuse. See Miller v. Commonwealth, 25 Va. App. 727, 732 n.2, 492 S.E.2d 482, 485 n.2 (1997) (reversing the conviction of defendant who relied on his probation officer's misinformation as to what was permissible conduct). "The due process argument is, in essence, 'that the criminal statute

under which the defendant is being prosecuted cannot constitutionally be applied to the defendant without violating due process of law, where government officials have misled the defendant into believing that his conduct was not prohibited.'" Id. at 736, 492 S.E.2d at 487 (quoting Jeffrey F. Ghent, Annotation, Criminal Law: "Official Statement" Mistake of Law Defense, 89 A.L.R.4th 1026, 1031 (1991)).

In examining this same due process defense in Miller, we held that to successfully employ the defense the defendant must first establish the legal sufficiency of the source and content of the information received by showing (1) that the source of the information was a "public officer or body charged by law with responsibility for defining permissible conduct with respect to the offense at issue" and (2) that the information relied on by the defendant included an affirmative assurance that the conduct at issue was lawful. Id. at 737-40, 492 S.E.2d at 487-89.

Here, Lett asserts that in driving on Toano Drive he relied on information from two public officials that driving within the confines of an apartment complex was not driving "on the highways of the Commonwealth." The first official was the judge of the Circuit Court of Williamsburg and James City County who "in the early '90s" dismissed a charge against Lett for driving on a highway of the Commonwealth after having been declared an habitual

- 4 -

offender.  According to Lett, the court ruled that he had not been driving on a "highway" but on a private road within the confines of an apartment complex.  The second person on whose advice Lett relied was his attorney at that earlier proceeding who, in explaining the court's ruling, told Lett that "it was all right" for him to drive "on private property like the apartment complex."

We find, for purposes of this appeal, that a circuit court judge is a government official responsible for defining permissible conduct with respect to the habitual offender statute.  Judges are charged with interpreting and applying the law, and their rulings, interpretations, and opinions may properly be resorted to for guidance.  See, e.g., United States v. Brady, 710 F. Supp. 290, 295 (D. Colo. 1989).

Conversely, a private attorney is not a government official.[1]  See, e.g., United States v. Indelicato, 887 F. Supp. 23, 25 (D. Mass. 1995), modified in part on other grounds, 97 F.3d 627 (1st Cir. 1996).  We are unable, therefore, to find that Lett's former attorney was a public officer charged by law

---

[1] Lett referred in his testimony at trial to the attorney who represented him at the "early '90s" habitual offender proceedings as "Judge" Stone.  Appellant's brief explains that Stone also served as a substitute judge.  However, because Stone was acting as Lett's attorney and not in a judicial capacity when he gave Lett the stated advice regarding the propriety of driving within an apartment complex, we will view him, for purposes of this appeal, as a private attorney only.

with the responsibility for defining where Lett could legally drive.

We turn next to the question of whether the judge's ruling relied on by Lett included an affirmative assurance that the conduct at issue in this case was lawful. Lett testified at trial regarding the assurances he received, as follows:

> Q. Okay. Were you aware that you were driving in violation of habitual offender?
>
> A. No, I wasn't.
>
> Q. And why is that, Mr. Lett?
>
> A. Well, I had a case -- I was in Benton Wood Apartments.
>
> Q. Brentwood Apartments?
>
> A. I think it's Benton Wood.
>
> Q. Burton Woods?
>
> A. Yeah. Burton Woods.
>
> Q. Okay.
>
> A. And Judge Stone -- well, Lawyer Stone --
>
> Q. Do you know when this was?
>
> A. It was a few years back in the early '90s and Judge Stone had the case right here, because they arrested me for driving habitual offender, and I came to Circuit Court here, and Judge Person was presiding. And Judge Stone --
>
> Q. And by Judge Stone you mean attorney, William Stone?
>
> A. Yes. Attorney Stone, yes. He was my lawyer at the time, and he stated that it

was unlawful to arrest and try a citizen driving habitual offender if in fact the arresting officer did not see the citizen drive on the state highway, and he quoted -- he said he got that from Mary Sue Terry and the records is here on the file, and that case was dismissed by Judge Person.

Q. And did you have a conversation with Lawyer Stone after that about what that meant?

A. Yes, I did. I asked him what did that mean. He said as far as driving on private property like the apartment complex it was all right. He said but if you drive on the highway then you can be arrested for driving habitual offender.[2]

There is no other evidence in the record regarding the referenced "early '90s" habitual offender proceeding and the advice and information received relative thereto by Lett. Specifically, there is no evidence in the record as to the court's exact ruling in that case or any evidence indicating why the case was dismissed. Nor is there anything in the record to suggest that the judge in that case advised Lett where he could or could not legally drive as an habitual offender.

We cannot find, therefore, that the information relied on by Lett included an affirmative assurance that the conduct at issue here was lawful. Even if that court dismissed the case

---

[2] As the Commonwealth reminds us, the credibility of a witness and the weight accorded his testimony are matters solely for the fact finder's determination. See, e.g., Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). For purposes of this appeal, we assume without deciding that the trial judge accepted Lett's testimony as true.

because, as Lett asserts, it found that Lett had been driving on a private road within an apartment complex, we cannot find that such a ruling constituted an affirmative assurance upon which Lett could rely in deciding to drive on Toano Drive, a state-maintained road with a highway marker on it located in a different apartment complex. Clearly, the court's ruling fell far short of informing Lett, as he would have us believe, that all roads within all apartment complexes were private roads as opposed to state "highways" and would remain so forever. And most certainly it did not include an assurance that Toano Drive was a private road or that Lett could otherwise drive on it as an habitual offender with immunity.

Consequently, we are unable to find, based on the record before us, that the content of the information received by the defendant was legally sufficient to evoke due process concerns. The due process defense asserted by Lett therefore does not apply in this case. Accordingly, we affirm appellant's conviction for operating a motor vehicle after having been adjudicated an habitual offender, second or subsequent offense.

Affirmed.