USCA1 Opinion

 

 January 19, 1995 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1454 UNITED STATES, Appellee, v. JAMES GIRALDO, Defendant, Appellant. ____________________ ERRATA SHEET This opinion of this court issued on January 19, 1995 is amended as follows: On page 4, line 20, replace the word "know" with the word "known." UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1454 UNITED STATES, Appellee, v. JAMES GIRALDO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ James Giraldo, on motion. _____________ ____________________ January 19, 1995 ____________________ Per Curiam. Appellant James Giraldo appeals from __________ the denial by the district court of his motion for the return of property seized by the United States Customs Service. I. _ Giraldo was stopped for inspection by Customs officials at the Luis Munoz Marin International Airport in Puerto Rico in February 1993. He had arrived on a flight from Aruba, N.A. An x-ray, to which Giraldo consented, showed bulges in his intestines. He then was given a laxative and expelled about 50 pellets of heroin. He was charged with one count of possessing heroin with the intent to distribute it in violation of 21 U.S.C. 841(a)(1) and one count of importing heroin into the Customs Territory of the United States from Colombia in violation of 21 U.S.C. 952(a). The court appointed a Federal Public Defender to represent Giraldo. On March 31, 1993, Giraldo pleaded guilty to both counts. On June 28, 1993, the district court sentenced him to concurrent terms of 57 months imprisonment and four years of supervised release. Almost one year later, on March 1, 1994, Giraldo filed a motion for the return of property under Fed. R. Crim. P. 41(e).1 He claimed that when he was arrested at the  ____________________ 1. Rule 41(e) provides that "[a] person aggrieved by . . . the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property." -3- airport, government agents seized $2,126 in United States currency and about $60,000 in Colombian pesos (the equivalent of about $179 in United States dollars). Giraldo argued that his Fourth Amendment rights had been violated by the seizure and that the currency was not related to drug activity. He also asserted that the government had not commenced any forfeiture proceedings and that, as a result, the money should be returned to him. The government responded that the Customs Service had, in fact, initiated an administrative forfeiture proceeding concerning the money. According to the government, notice of this proceeding had been mailed to Giraldo in February and December 1993 and returned by the United States Post Office to the Service. When Giraldo did not respond in accordance with the procedures set forth in the letter of December 1993, the money was forfeited in January 1994. Therefore, the government argued, Giraldo was prevented from pursuing any judicial remedies. Giraldo filed a rebuttal in which he pointed out that he had been incarcerated in December 1993 when the letter was mailed and that the government knew this; nonetheless, the Customs Service sent the letter to Giraldo's home address in Flushing, New York. Having never received ____ _______ notice of the administrative forfeiture, Giraldo maintained that he had not had a meaningful opportunity to object to the -4- forfeiture. Further, Giraldo averred, the district court had "ancillary" jurisdiction to consider his motion and could treat it as a civil equitable action. The district denied Giraldo's motion by endorsement on March 24, 1994. This appeal ensued. II. __ In 21 U.S.C. 881(a), Congress has provided for the civil forfeiture of property or money "furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation of this subchapter . . . ." Id. 881(a)(6). Section 881(d) ___ states that the seizure of such property is to be accomplished through the application of the customs laws, 19 U.S.C. 1600 et seq. These laws provide that property worth $500,000 or less is subject to administrative forfeiture without judicial involvement. 19 U.S.C. 1607. The administrative process requires the government to publish notice of its intent to forfeit the property once a week for three weeks and to send written notice to any party known to have an interest in the property. Id. 1607(a); 21 C.F.R. 1316.75. A claimant ___ then has 20 days after the first publication to file a claim and a cost bond of not less than $250. 19 U.S.C. 1608. -5- The filing of the claim and the bond stops the administrative process and requires the seizing agency to hand the matter over to the United States Attorney for the commencement of a judicial forfeiture proceeding. Id.; see also 21 C.F.R.  ___ ___ ____ 1316.76(b). A claimaint's failure to follow these procedures results in a declaration of forfeiture by the seizing agency and the vesting of title in the United States. 19 U.S.C. 1609. This declaration has the same effect as a final decree and order of forfeiture entered in a judicial proceeding. Id. ___ Notwithstanding the above, district courts have jurisdiction to entertain collateral due process attacks on administrative forfeitures. United States v. Woodall, 12 _____________ _______ F.3d 791, 793 (8th Cir. 1993) ("the federal courts have universally upheld jurisdiction to review whether an administrative forfeiture satisfied statutory and due process requirements"). Whereas most challenges to forfeiture would be foreclosed by a plaintiffs' [sic] failure to utilize the mechanism for obtaining judicial relief provided in the forfeiture statute and regulations, courts have entertained challenges to the adequacy of notice, reasoning that the mechanism is not available to a plaintiff who is not properly notified of the pending forfeiture. Sarit v. United States Drug Enforcement Admin., 987 F.2d 10, _____ ______________________________________ 17 (1st Cir.) (citations omitted), cert. denied, 114 S.Ct. ____________ 241 (1993). -6- We have indicated that such challenges may be pursued in a civil action under 28 U.S.C. 1331. See United ___ ______ States v. Mosquera, 845 F.2d 1122, 1126 (1st Cir. 1988) (per ______ ________ curiam). See also Marshall Leasing, Inc. v. United States, ___ ____ ______________________ _____________ 893 F.2d 1096, 1102-03 (9th Cir. 1990) (district court had jurisdiction over due process attack on forfeiture under 1331); Willis v. United States, 787 F.2d 1089, 1093 (7th Cir. ______ _____________ 1986) (general federal question subject matter jurisdiction exists over constitutional challenge to forfeiture), cited in _____ __ Sarit, 987 F.2d at 17. The fact that Giraldo termed his _____ motion as one under Rule 41(e) does not defeat the district court's jurisdiction. "Where criminal proceedings against the movant have already been completed, a district court should treat a rule 41(e) motion as a civil complaint." Onwubiko v. United States, 969 F.2d 1392, 1397 (2d Cir. ________ ______________ 1992). See also United States v. Martinson, 809 F.2d 1364, ___ ____ _____________ _________ 1366-67 (9th Cir. 1987) (motions to return property filed under Rule 41(e) are treated as "civil equitable proceedings" when criminal proceedings have been completed); cf. Woodall, ___ _______ 12 F.3d at 794 n. 1 (once criminal proceedings have ended, a pleading by a pro se plaintiff which is styled as a Rule ___ __ 41(e) motion should be liberally construed as seeking to invoke the proper remedy). In this situation, due process requires "notice reasonably calculated, under all the circumstances, to -7- apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, _______ _________________________________ 314 (1950). [I]f the government is incarcerating or prosecuting the property owner when it elects to impose the additional burden of defending a forfeiture proceeding, fundamental fairness surely requires that either the defendant or his counsel receive actual notice of the agency's intent to forfeit in time to decide whether to compel the agency to proceed by judicial condemnation. Woodall, 12 F.3d at 794-95. See Robinson v. Hanrahan, 409 _______ ___ ________ ________ U.S. 38, 40 (1972) (per curiam) (the state violated defendant's right to due process by mailing a notice of forfeiture to defendant's home when it knew that he was in jail). Thus, where a claimant is "residing at a place of the government's choosing," the seizing agency must take steps to locate the claimant in order to satisfy due process. Torres ______ v. $36,256.80 United States Currency, 25 F.3d 1154, 1161 (2d _________________________________ Cir. 1994) (a "simple call" to the Bureau of Prisons often suffices to determine where a claimant is serving his or her sentence). III. ___ Although the record now before this court indicates that Giraldo did not receive constitutionally adequate notice of the administrative forfeiture, we cannot be sure. If the forfeiture is valid, Giraldo has waived judicial challenge to -8- it by failing to file a timely claim and post bond. See ___ Woodall, 12 F.3d at 795. If the notice turns out to have _______ been inadequate, the forfeiture is void. Id. The district ___ court then must set aside the declaration of forfeiture and order the Customs Service to return the money to Giraldo or to begin judicial forfeiture in the district court. See id. ___ ___ In this latter instance, Giraldo need not post the $250 bond if the district court determines that the government has seized all of his money. See Onwubiko, 969 F.2d at 1399. ___ ________ Given our disposition of the matter, we deny ____ Giraldo's motion for the appointment of counsel. However, he is free to request such an appointment from the district court. See Torres, 25 F.3d at 1161 (court ordered the ___ ______ appointment of pro bono counsel based on the presence of complex issues of law); Martinson, 809 F.2d at 1370 (court _________ permitted public defender to continue to represent claimant on a motion for the return of property holding that it was an "ancillary" proceeding for purposes of the Criminal Justice Act, 18 U.S.C. 3006A(c)); United States v. 1604 Oceola, 803 _____________ ___________ F.Supp. 1194, 1196 (N.D.Tex. 1992) (listing sources for the authority to appoint counsel in forfeiture actions). We therefore summarily reverse the judgment of the _______ district court, see Local Rule 27.1, and remand the matter ___ for further proceedings. -9-