USCA1 Opinion

 

 September 6, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1037 HELEN FORMANCZYK, Petitioner, v. UNITED STATES OF AMERICA, Respondent. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard G. Stearns, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr, and Boudin, Circuit Judges. ______________ ____________________ Helen Formanczyk on brief pro se. ________________ Donald K. Stern, United States Attorney, and Dina Michael _________________ ______________ Chaitowitz, Assistant United States Attorney, on Motion for Summary __________ Disposition for appellee. ____________________ ____________________ Per Curiam. Pro se appellant Helen Formanczyk appeals __________ ___ __ the denial by the district court of her motion for the return of property seized by the United States Government. We vacate the denial and remand for further proceedings. Formanczyk styled her motion as one pursuant to Fed. R. Crim. P. 41(e). However, since criminal proceedings against her have been completed, the district court should have construed her motion as a civil action for return of property, pursuant to 28 U.S.C. 1331. United States v. _____________ Giraldo, 45 F.3d 509, 511 (1st Cir. 1995) (citing cases). _______ Moreover, inasmuch as the property seized is no longer needed for evidentiary purposes, "[t]he person from whom the property [has been] seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir. _____________ _________ 1987) (citing cases) (footnotes omitted). Although the government now alleges that the property in question was forfeited in an administrative proceeding, the instant case was dismissed before the district court received a response from the government. Consequently, as the government concedes, there is no evidence of the forfeiture in the record. In such circumstances the dismissal of Formanczyk's claim was premature. Vacated and remanded. _______ ________ -2-