103 F.3d 141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge E. BAENA, Defendant-Appellant.
 No. 94-30367.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1996.
Decided Dec. 05, 1996.
 
 Before: WRIGHT, BRUNETTI, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jorge E. Baena appeals the denial of his motion to set aside the administrative forfeiture of money seized after his arrest for possession of cocaine. Baena contends that the government provided insufficient notice of the forfeiture proceedings. We reverse the district court's order and remand for further proceedings consistent with this decision.
 
 
 3
 Baena filed a Fed.R.Crim.P. 41(e) motion for return of property and a motion to set aside the forfeiture of the property on the basis of insufficient notice. The district court denied the Rule 41(e) motion without prejudice and directed that it would consider the issues when it ruled on the motion to set aside the forfeiture. On June 6, 1994, the district court denied the motion to set aside the administrative forfeiture without prejudice to a renewal supported by "cognizable evidence that the government could not reasonably expect mail sent to Baena" at 2510 Sentry Drive, Apartment No. 307 would be delivered to Baena despite his imprisonment. Baena filed a notice of appeal, and we dismissed the appeal for lack of a final, appealable order. United States v. Baena, No. 94-30256, unpublished order (9th Cir. Oct. 20, 1994).
 
 
 4
 On August 1, 1994, Baena filed a "Motion to Supplement the Record and Demand for Final Order" asking the district court to set aside the forfeiture or in the alternative, to issue a final, appealable order. In the Supplement to the Record, Baena stated under penalty of perjury that the address 2510 Sentry Drive, Apartment No. 307 was not the proper place to serve him with notice of forfeiture because he had been incarcerated since his arrest, and the government knew where he was incarcerated when it sent the forfeiture notice. Baena further stated that the government mailed the forfeiture notice to his former address in bad faith because it knew that he would not receive the notices and that the government would administratively forfeit the money without his knowledge under the pretense that Baena had defaulted. On August 30, 1994, the district court denied the renewed motion and Baena filed a second, timely notice of appeal.[1]
 
 
 5
 The court should have treated this as a civil complaint challenging the constitutional sufficiency of notice, rather than as a post-judgment motion. Marshall Leasing, Inc. v. United States, 893 F.2d 1096, 1102-1103 (9th Cir.1990).
 
 
 6
 In analyzing the constitutional sufficiency of notice of forfeiture, the district court must determine whether the notice was " 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " Sarit v. United States Drug Enforcement Admin., 987 F.2d 10, 14 (1st Cir.) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)), cert. denied, 510 U.S. 885 (1993); see Clagett, 3 F.3d at 1357 (sufficiency of notice should be considered in light of Sarit ). Notice is inadequate "if the notifying party knew or had reason to know that notice would be ineffective." Sarit, 987 F.2d at 14 (citing Robinson v. Hanrahan, 409 U.S. 38 (1972) (per curiam) (notice violated due process when mailed to prisoner's home address)).
 
 
 7
 Here, in response to Baena's motion to set aside the forfeiture, the government submitted a memorandum stating that Alaska state authorities arrested Baena on July 29, 1992, and seized property from his home on July 31, 1992. The United States Drug Enforcement Agency (DEA) "adopted" the seizure of the property on August 7, 1992, and it was forfeited to the United States pursuant to 19 U.S.C. § 1609 on October 30, 1992. The government submitted two registered mail receipts indicating that on September 14, 1992, the DEA mailed the forfeiture notices to the address where the seizure had occurred: 2510 Sentry Drive, Apartment No. 307.
 
 
 8
 A claim seeking to set aside a forfeiture is a civil proceeding and the Federal Rules of Civil Procedure apply. See Clagett, 3 F.3d at 1356 n. 2; Sarit, 987 F.2d at 13. Accordingly, the district court's August 31 order effectively dismissed the action for failure to state a claim. See Fed.R.Civ.P. 12(b)(6). We review a Rule 12(b)(6) dismissal de novo. Lewis v. Telephone Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir.1996). Our review is limited to the contents of the plaintiff's pleading and all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir.1996). Dismissal is appropriate only if the plaintiff can prove no set of facts that would entitle him to relief. Lewis, 87 F.3d at 1545.
 
 
 9
 In Baena's Motion to Supplement the Record and Demand for Final Order, which "reaffirmed all of his previous motions" and incorporated them, Baena stated that he did not receive the notice and both notices were returned unclaimed; that the 2510 Sentry Drive, Apartment 307 address was not the place to serve him because he had been incarcerated since his arrest in July 1992; and that the government was aware of his location and knew he would not receive the notices so that they would administratively forfeit the money by default. This was cognizable evidence sufficient to state a due process claim. See United States v. Giraldo, 45 F.3d 509, 511-12 (1st Cir.1995) (allegation that government was aware of prisoner's status and mailed forfeiture notice to home warranted reversal and remand); Torres v. 36,256.80 in U.S. Currency, 25 F.3d 1154, 1161 (2nd Cir.1994) ("where the mailed notice of forfeiture is returned undelivered, the intended recipient is known by the notifying agency to be in government custody, and the agency fails to take steps to locate him in order to effectuate delivery of the notice, we hold that such notice does not satisfy the requirements of ... the Constitution."). Accordingly, we vacate the district court's order and remand for further proceedings. See Giraldo, 45 F.3d at 512 (reversing and remanding case); Torres, 25 F.3d at 1162 (same).
 
 
 10
 VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's August 31 order disposed of Baena's renewed motion to set aside the forfeiture. Accordingly, we have jurisdiction under 28 U.S.C. § 1291 to review this final appealable order. See McGuckin v. Smith, 974 F.2d 1050, 1053-54 (9th Cir.1992) (dismissal intended to end litigation is a final, appealable order)