NOT FOR PUBLICATION 

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 96-1936

 UNITED STATES,

 Appellee,

 v.

 BILLY RAY MCDOWELL, JR.,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Raymond L. Acosta, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Campbell, Senior Circuit Judge, 
 and Boudin, Circuit Judge. 

 

Billy Ray McDowell, Jr. on brief pro se. 
Guillermo Gil, United States Attorney, and Joseph J. Frattallone, 
Assistant United States Attorney, on brief for appellee.

 

 June 9, 1997
 

 Per Curiam. Billy Ray McDowell was convicted of drug 

trafficking offenses in June 1988. In March 1996, he moved

in the district court for the return of $4000 in cash, a

cellular telephone, and a briefcase containing documents,

each of which he claims were seized from him at the time of

his arrest in February 1988; according to the government,

these items were later administratively forfeited. See 21 

U.S.C. 881 (providing for forfeiture of property or money

used to facilitate or traceable to a drug offense); 19 U.S.C.

 1607-09 (outlining administrative forfeiture procedure for

items worth $500,000 or less). In his collateral attack,

McDowell claims that he received no notice of the forfeitures

and alleges that they violated his right to due process and

should be invalidated. See United States v. Giraldo, 45 

F.3d 509, 511-12 (1st Cir. 1995) (per curiam). 

 The short response submitted by the government in the

district court was apparently intended to suggest that the

forfeitures were in fact valid. But to support this

suggestion, the government simply asked the district court

to "take notice" of the fact that the cash and telephone had

been "administratively forfeited," as evidenced by

declarations of forfeiture for these two items, which merely

recited that notice had been sent to all interested persons.

The government also reported that it had neither record nor

recollection of a seized briefcase. 

 -2- -2-

 The district court denied the defendant's motion, citing

the "facts" provided by the Government--facts pertaining to

the administrative forfeiture proceedings and not the merits

of the forfeiture. The defendant now appeals. The parties

repeat the arguments advanced below, with the government

adding the contention that the district court in Puerto Rico

lacked jurisdiction to decide the motion because the property

was seized in Texas.

 1. With respect to the cell phone and cash, the

defendant appears to have an almost hopeless case. He

concedes that the seizure occurred at the time of the arrest

that led to his conviction, as he attempted to open an

airport locker which he thought contained cocaine. See 

United States v. McDowell, 918 F.2d 1004, 1006 (1st Cir. 

1990). The facts recited in the first appellate opinion in

this case also reveal that McDowell carried $4000 cash, the

exact amount of the delivery fee for the drugs, separately

from other funds, and that he repeatedly communicated with

coconspirators by phone. McDowell, 918 F.2d at 1006.  

 On the surface, the government's case looks extremely

strong. See United States v. One Lot of U.S. Currency, 103 

F.3d 1048, 1053-54 (1st Cir. 1997) (forfeiture proper if

government shows probable cause to believe that seized

property has a sufficient nexus to illegal activity, and

defendant fails to rebut); United States v. One Lot of U.S. 

 -3- -3-

Currency, 927 F.2d 30, 32 (1st Cir. 1991) (probable cause to 

believe that cash and car were forfeitable where cash amount

equaled the promised purchase price in a sting transaction

and the defendant drove the car to the airport meeting place,

apparently planning to use it to transport the purchased

drugs). Nothing in the defendant's papers explains how he

expects to avoid forfeiture, even if the prior administrative

proceedings were procedurally defective. 

 Nevertheless, this is only our own reconstruction; the

government has not made, and the defendant has not answered,

such a claim; and there is no reason why the government

should not turn square corners even if it is defending

against a dubious collateral attack on a forfeiture. Here,

the record contains no response to the defendant's allegation

that he had not received adequate notice, which in some cases

might negate a forfeiture's validity, Giraldo, 45 F.3d at 

512, and the government did not attempt to show that the

property was plainly forfeitable, giving the defendant an

opportunity to answer.

 There is some conflict in the law as to who needs to

show what when the defendant makes a claim like the one

before us.

Compare United States v. Deninno, 103 F.3d 82, 85-86 (10th 

Cir. 1996) with Boero v. DEA, 111 F.3d 301, 306 (2d Cir. 

1997). We see no reason to lay down any general rule. But

 -4- -4-

in the present case we think that an adequate answer needs to

be provided by the government--whether procedural or

substantive--before defendant's motion may be summarily

denied.

 2. As to McDowell's further allegation that a

briefcase containing documents was improperly forfeited, the

government says that it has no record of such an item. But

it points to no inventory list or similar evidence; nor does

it provide any other explanation for the divergence between

the defendant's version of the events and the government's

records. 

 The government may have an excellent laches defense

since the defendant waited eight years to file a motion that

could have been made promptly; this delay might help explain

the gaps in the government's evidence. Cf. Angel-Torres v. 

United States, 712 F.2d 717, 719-20 (1st Cir. 1983) (motion 

for return of property subject to equitable principles).

However, as the government did not assert laches below and

the district court made no relevant findings, we decline to

affirm the denial of the motion with respect to the briefcase

on that ground.

 3. The government belatedly says on appeal that the

defendant brought his claim in the wrong court. We do not

think that this minimally briefed case is a vehicle for us to

determine where a post-conviction motion for return of

 -5- -5-

property should be made if the property seizure and the

related criminal trial occurred in different districts--a

question on which other circuits disagree. Compare United 

States v. Giovanelli, 998 F.2d 116, 118-19 (2d Cir. 1993) 

(venue proper in prosecuting district) and Thompson v. 

Covington, 47 F.3d 974, 975 (8th Cir. 1995) (per curiam) 

(venue proper only in prosecuting district) with United 

States v. Garcia, 65 F.3d 17, 20-21 (4th Cir. 1995) (venue 

proper only in seizing district). While the district court

is free to hear the government's argument on this point, it

may be simpler to assume jurisdiction arguendo, assuming that 

the government has an adequate substantive or procedural

answer to defendant's claim. In any event, we decline

ourselves to affirm the dismissal based on a venue argument

never presented to the district court.

 The district court's judgment is vacated and the matter 

remanded for further proceedings consistent with this 

opinion.

 It is so ordered. 

 -6- -6-