Gray v. USA                                    CV-97-545-SD 01/15/98

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Alton N. Gray

       v.                                    Civil No. 97-545-SD

United States of America


**O R D E R**

In this petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2255, pro se petitioner Alton N. Gray seeks the return of property which apparently was taken as part of a forfeiture proceeding related to his federal criminal conviction in 1989. He contends that the taking of his property in addition to sentencing him to jail constitutes double jeopardy, in violation of the Fifth Amendment, and cruel and unusual punishment, in violation of the Eighth Amendment. Gray also claims that he was not represented by counsel during the forfeiture proceedings, which violated his due process rights guaranteed by the Fifth Amendment. The petition is before me to determine whether it shall be served on defendant. See Rule 4(b) of the Rules Governing § 2255 Proceedings (requiring prompt judicial review to determine whether the petition appears to be facially valid or should be dismissed). As explained more fully below, I conclude that "it plainly appears from the face of the motion . . . that the movant is not entitled to relief" and

summarily dismiss it.  See id.

DISCUSSION

In his petition, Gray represents that he was convicted on federal charges and sentenced to 144 months incarceration in July, 1989.  Gray claims that he agreed to forfeit property, as part of his plea agreement, but that he was not provided an attorney during the subsequent forfeiture proceedings.  His complaint is not with the forfeited property.  It appears to be limited to the loss of certain personal property which was located in the premises that were forfeited.  Gray states that he filed a motion for the return of his personal property, pursuant to Fed. R. Crim. P. 41(e), in June 1997.  In July 1997, the U.S. Attorney's office for the District of New Hampshire notified Gray that the real property has been rented since December 1989.  Gray does not indicate whether the U.S. Attorney's office responded to his inquiry regarding his personal property.  In any event, Gray now claims that he is without clothing, housekeeping articles and home furnishings.

The relief Gray seeks is not available to him in a habeas corpus petition.  Prisoners in federal custody, like Gray, may move the sentencing court "to vacate, set aside or correct the sentence" imposed. See 28 U.S.C. § 2255 (providing for habeas relief to federal prisoners).  According to Gray, certain of his personal belongings were taken, or misplaced or lost, by the

government after it rented his forfeited property.  The "loss" of these items simply cannot be considered part of his sentence which the court could now vacate, set aside or correct.  <u>See</u> <u>United States v. Guzman</u>, 85 F.3d 823, 830 (1st Cir. 1996) (stating that a claim for lost property under Fed. R. Crim. P. 41(e) "is separable from, and has no effect upon, the appellant's conviction and sentence.").

Instead, Gray may pursue his claims by filing a civil action against the government for their return.  <u>See</u> <u>id.</u> (explaining that an independent civil action for the return of property may be brought after a criminal case has been closed); <u>see</u> <u>also</u> <u>United States v. Giraldo</u>, 45 F.3d 509, 511 (1st Cir. 1995) (recognizing federal question jurisdiction over collateral attacks on administrative forfeiture proceedings).  It is worth noting, however, that even if Gray were to bring such an action, he could not assert his principal claim that the taking of his personal belongings violates the Double Jeopardy Clause.  The United States Supreme Court recently explained its double jeopardy jurisprudence and disavowed its holding in <u>Halper v.</u> <u>United States</u>, 490 U.S. 435 (1989), as  deviating from traditional double jeopardy analysis.  <u>See</u> <u>Hudson v. United</u> <u>States</u>, __ U.S. __, 66 U.S.L.W. 4024, 4025 (Dec. 16, 1997). In <u>Hudson</u>, the Court emphasized that the Double Jeopardy Clause

3

only prohibits multiple <u>criminal</u> punishments for the same offense, and explained that a civil sanction may penalize without constituting criminal punishment in violation of the Double Jeopardy Clause. <u>See</u> <u>id.</u> at 4025-27 (citing precedent). Gray's alleged loss of property simply cannot be considered a criminal punishment and, therefore, could not be recognized as a violation of the Double Jeopardy Clause.

CONCLUSION

Having concluded that this § 2255 motion shows that Gray is not entitled to habeas relief, I order the petition for a writ of habeas corpus be dismissed. <u>See</u> § 2255 Rule 4. I further deny Gray's "Motion In Leave for In Forma Pauperis and For Appointment of Counsel" (document no. 2) as moot.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court


Date:   January   , 1998

cc:    Gray N. Gray, <u>pro</u> <u>se</u>

4