0[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 97-2033

 DARRYL WHITING,

 Petitioner, Appellant,

 v.

 UNITED STATES OF AMERICA,

 Respondent, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Robert E. Keeton, U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Coffin, Senior Circuit Judge,
 and Stahl, Circuit Judge.

 Darryl Whiting on brief pro se.
 Donald K. Stern, United States Attorney, Thomas C. Frongilloand Kevin J. Cloherty, Assistant United States Attorneys, on brief
for appellee.

June 26, 1998

 Per Curiam. Petitioner Darryl Whiting, having been
convicted of numerous drug-related offenses, see United Statesv. Whiting, 28 F.3d 1296 (1st Cir. 1994), appeals from the
dismissal of his 28 U.S.C. 2255 petition for habeas relief. 
He there advanced ten claims of ineffective assistance of
counsel, all of which the district court dismissed in a
comprehensive pair of decisions. Petitioner pursues these same
claims on appeal, along with a trio of other allegations. 
Except as to one minor matter, we affirm the judgment in all
respects. 
 I.
 With regard to the ineffective-assistance claims, we
agree, substantially for the reasons recited by the district
court, that petitioner has failed to establish that counsel's
conduct was deficient. We likewise think he has failed to
establish that any such deficiency prejudiced his defense. 
Little need exists to augment the district court's discussion. 
We add the following comments primarily for emphasis.
 1. Petitioner's first three complaints--that counsel
failed to interview potential witnesses, failed to seek a
severance in order to secure testimony from the codefendants at
trial, and otherwise failed to reasonably present petitioner's
defense--rely on a series of affidavits submitted by eight of
his codefendants. Yet as the district court properly found,
those submissions are devoid of admissible evidence and are
deserving of little if any weight. Apart from such affidavits,
petitioner never elaborated on what the prospective testimony
from these individuals would have been. Moreover, because of
the involvement of such persons in the drug operation, counsel
reasonably could have thought that the risk of impeachment was
inordinate. He reasonably could have concluded that a motion
for severance would have been futile. And a line of defense
that counsel allegedly ignored was in fact introduced, albeit
not in the manner apparently preferred by petitioner. The
strategic decisions made by counsel in these various respects
cannot be deemed deficient performance.
 2. Petitioner's second trio of claims all involve the
admission of coconspirator statements. Each proves unavailing. 
His allegation of governmental misconduct in this regard is
unsupported. Contrary to his initial suggestion, the court did
make a Petrozziello ruling. And no Bruton problem arose,
inasmuch as the statements fell within the coconspirator
exception to the hearsay rule. See, e.g., Bourjaily v. United
States, 483 U.S. 171, 182 (1987); United States v. Saccoccia,
58 F.3d 754, 779 (1st Cir. 1995), cert. denied, 517 U.S. 1105
(1996). 
 3. Petitioner next advances a pair of claims involving
the calculation of drug quantity for purposes of sentencing--a
matter addressed by this court at some length on direct appeal. 
See Whiting, 28 F.3d at 1304-06. He first asserts that counsel
was derelict in failing to request an evidentiary hearing on
the matter. Yet substantial evidence had already been adduced,
the matter was vigorously contested at sentencing, and counsel
might reasonably have thought that any evidentiary shortfall
would work in his client's favor. Nor has petitioner explained
how a hearing might have altered the sentencing determination. 
His effort on appeal to identify new evidence that could have
been adduced is spirited but unpersuasive; moreover, the
government was prepared to (and twice proposed to) put on
additional evidence of its own. Petitioner's second claim--
that counsel failed to argue on appeal that the calculation of
drug quantity was based on a "misconception" of the evidence--
also fails. No appreciable difference appears between such an
argument and the sentencing challenges that were actually
raised on appeal.
 4. Petitioner also complains of counsel's failure to
pursue a second argument on appeal: that the jury selection
process resulted in the deliberate exclusion of blacks. The
identical claim was rejected in the recent habeas appeals
brought by petitioner's codefendants. See Pledger v. United
States, 1998 WL 88515, at *5 (1st Cir. 1998) (per curiam). No
reason exists to reach a different result here; petitioner has
failed to identify a colorable claim in this regard, and
counsel thus cannot be faulted for eschewing it.
 5. Petitioner's remaining ineffective-assistance claim,
which accuses counsel of a conflict of interest because of his
subsequent professional association with the lead prosecutor,
has been effectively abandoned on appeal. 
 II.
 One other matter remains. While the habeas action was
pending, petitioner submitted a motion for return of property
that he alleged had been unlawfully seized and forfeited. The
clerk's office, it appears, filed the motion in the habeas
case; the district court understandably dismissed the motion
without prejudice on the ground that it was not cognizable in
a habeas proceeding. Petitioner replied that he had intended
the motion as an independent action--an argument he has
reiterated on appeal. The record so reflects: the motion bore
a different caption than his earlier habeas pleadings; unlike
those earlier pleadings, it contained no docket number; and it
specifically cited Fed. R. Civ. P. 41(e).
 We have held that "district courts have jurisdiction to
entertain collateral due process attacks on administrative
forfeitures," and that "such challenges may be pursued in a
civil action under 28 U.S.C. 1331." United States v.
Giraldo, 45 F.3d 509, 511 (1st Cir. 1995) (per curiam). 
Moreover, "[w]here criminal proceedings against the movant have
already been completed, a district court should treat a rule
41(e) motion as a civil complaint." Onwubiko v. United States,
969 F.2d 1392, 1397 (2d Cir. 1992) (quoted in Giraldo, 45 F.3d
at 511). This is especially so where the movant appears pro
se. See, e.g., United States v. Mosquera, 845 F.2d 1122, 1126
(1st Cir. 1988) (per curiam). Accordingly, we think it
appropriate to remand this single issue to the district court
for further proceedings. We of course express no views as to
whether the claim has any potential merit, or whether it might
be subject to dismissal on some other ground. 
 The dismissal of the motion for return of property is
vacated and that claim remanded to the district court for
further proceedings. The judgment is otherwise affirmed.