**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Larry LATHAM Defendant–Appellant.**

**No. 01–3212.**

United States Court of Appeals,
Sixth Circuit.

Dec. 27, 2002.

Before SILER and MOORE, Circuit Judges; and MCKINLEY, District Judge.*

PER CURIAM.

The defendant-appellant Larry Latham appeals a district court's judgment denying his motion for return of forfeited property. For the reasons discussed below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

On March 23, 1995, an indictment was returned in the United States District Court for the Southern District of Ohio charging Larry Latham ("Latham") with drug offenses and a warrant was issued for his arrest. On March 27, 1995, a search warrant was issued for Larry Latham authorizing agents to enter 1385 East Maynard Avenue, his brother's residence and Latham's last known address. The search did not result in Latham's arrest. However, during this search, an ATF agent observed currency in the amount of $96,950 in plain view in the attic. The money was seized pursuant to a separate search warrant issued on March 28, 1995. The agent left a copy of the search warrant and a record of the inventory seized at the 1385 East Maynard Avenue location.

Both the original indictment and the issued search warrant misstated Latham's

---

* The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky sitting by designation.

middle initial, referring to him as Larry E. Latham, as opposed to Larry M. Latham. Notably, a man named Larry E. Latham with an arrest record also lived in Columbus, Ohio, during the time period at issue. Latham knew that another man bearing his first and last name lived in Columbus. The search warrant for Larry E. Latham remained outstanding from March 1995 until December 1995, when it was dismissed, and Latham was declared a fugitive during these months.

On May 3, 1995, the FBI began an administrative forfeiture action to forfeit the currency seized. The FBI followed the administrative forfeiture requirements regarding notice as contained in 19 U.S.C. § 1607. The FBI published notice of the seizure once a week for a three week period in the *New York Times,* specifically on May 21, 1995, May 28, 1995, and June 4, 1995. These notices directed to "Larry E. Latham"[1] stated that $96,950 was seized on March 28, 1995 by ATF from 1385 East Maynard Avenue. The FBI also sent written notification of the pending forfeiture to both Latham and his brother. These notices explained a claimant's right to challenge the forfeiture by filing a claim of ownership and a cost bond, or a declaration of inability to file a cost bond. Two certified letters were sent to "Larry E. Latham" at the 1385 East Maynard address. The first letter was neither returned nor was its return receipt delivered to the FBI. The second certified letter was returned to the FBI after two unsuccessful attempts at delivery. The FBI also sent notice on August 11, 1995, by certified letter to Latham's brother, Kevin, at the 1385 East Maynard address. This letter was successfully delivered and the signed return receipt was delivered to the FBI.

Having received no response to the notices within the time allocated, the FBI forfeited this currency to the government on September 15, 1995. On June 11, 1996, a petition for remission or mitigation of forfeiture was filed by counsel on behalf of Kevin Latham, appellant's brother, claiming the currency in question constituted money saved by Kevin from his salary. The FBI denied this petition as untimely.

Larry Latham was arrested and re-indicted in early 1997. At a jury trial, Latham was found guilty of conspiracy to possess with intent to distribute and to distribute over five kilograms of cocaine, over 50 grams of crack cocaine, and heroin in violation of 21 U.S.C. § 846, as well as substantive counts of distribution of and possession with intent to distribute heroin and crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii). He was sentenced to life imprisonment plus two hundred and forty months. A panel of this court affirmed his conviction on the conspiracy count and the distribution of crack cocaine and reversed his conviction on distribution of heroin. *See United States v. Owusu,* 199 F.3d 329 (6th Cir.2000). Latham is currently serving a life sentence.

By letter to the FBI dated May 3, 1999, Latham requested the currency seized be returned to him. The FBI denied his request as untimely. On November 3, 1999, more than four years after the forfeiture took place, Latham filed a motion for return of this property pursuant to Federal Rule of Criminal Procedure 41(e). Because the criminal proceedings against Latham had already terminated, the district court properly ordered that Latham's request be treated as a civil action for equitable relief pursuant to 28 U.S.C. § 1346. The district court ordered an evidentiary

---

1. The Government did not discover that Latham's middle initial was an "M" and not an "E" until early 1996.

hearing to determine whether the FBI's notice procedure complied with due process requirements. In an opinion entered on February 5, 2000, the district court held that the government's notice satisfied due process and denied Latham's motion for the return of seized property and entered judgment in favor of the government. Latham filed this timely appeal.

## II. ANALYSIS

Appellant argues that the district court erred by holding that the notice process used in this case was adequate and complied with the requirements of due process. Most judicial challenges to an administrative forfeiture are foreclosed by the plaintiff's failure to use the mechanism provided in the forfeiture statute and regulations. *See United States v. Giraldo,* 45 F.3d 509, 511 (1st Cir.1995); *Shaw v. United States,* 891 F.2d 602, 603–04 (6th Cir. 1989). Nonetheless, federal courts do have jurisdiction to entertain collateral due process attacks on administrative forfeitures, including challenges to the adequacy of notice. *See United States v. Schinnell,* 80 F.3d 1064, 1069 (5th Cir.1996); *Giraldo,* 45 F.3d at 511. Whether the government's notice to the defendant satisfies due process is a question of law and is reviewed *de novo. See Hopi Tribe v. Navajo Tribe,* 46 F.3d 908, 918 (9th Cir.1995), *cert. denied,* 516 U.S. 931, 116 S.Ct. 337, 133 L.Ed.2d 236 (1995); *accord United States v. Francis,* 646 F.2d 251, 262 (6th Cir.), *cert. denied,* 454 U.S. 1082, 102 S.Ct. 637, 70 L.Ed.2d 616 (1981).

Administrative forfeiture of property valued at or less than $500,000 is governed by 19 U.S.C. § 1607(a). The statute requires the agency to send a written notice of seizure together with information on the applicable procedures to each party who appears to have an interest in the seized property. 19 U.S.C. § 1607(a). The stat-ute and its related regulations also requires the government to publish notice of the seizure and intent to forfeit the property for at least three weeks in "a newspaper of general circulation in the judicial district" in which the proceeding for forfeiture is brought. 21 C.F.R. § 1316.75(a). The publication notice must:

> (1) Describe the property seized ...; (2) state the time, cause, and place of seizure; and (3) state that any person desiring to claim the property may, within 20 days from the date of first publication of the notice, file with the custodian or DEA Asset Forfeiture Section a claim to the property and a bond with satisfactory sureties....

21 C.F.R. § 1316.75(b).

The Due Process Clause of the Fifth Amendment prohibits the United States from depriving any person of property "without due process of law." U.S. CONST. amend. V. To satisfy due process, it is not required that the appellant receive actual notice of the forfeiture. *Dusenbery v. United States,* 534 U.S. 161, 122 S.Ct. 694, 700, 151 L.Ed.2d 597 (2002). The Constitution requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). "The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* at 315. "[I]f notice was adequate the forfeiture proceeding provided an adequate legal remedy and [the claimant] will not be entitled to equitable relief." *United States v. Clagett,* 3 F.3d 1355, 1356 n. 1 (9th Cir.1993). The adequacy of notice is measured at the time the notice was sent. *Sarit v. United States Drug Enforcement Admin.,* 987

F.2d 10, 14 (1st Cir.), *cert. denied,* 510 U.S. 888, 114 S.Ct. 241, 126 L.Ed.2d 195 (1993).

 The district court properly concluded that Latham received constitutionally adequate notice of the seizure and forfeiture proceeding. The FBI sent two notices of the forfeiture proceeding by certified mail to the only known address for Larry Latham and to the place the property was seized. Service by certified mail is a constitutionally adequate method of notice. *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 800, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). The fact that appellant "may not have received the certified mail does not negate the constitutional adequacy of the FBI's attempt to accomplish actual notice." *United States v. Clark,* 84 F.3d 378, 381 (10th Cir.1996). At the time of the notice, a warrant had been issued for appellant's arrest and he was a fugitive. There is no evidence that the government, with reasonable inquiry, could have ascertained the appellant's whereabouts. The FBI had no other alternative address for notifying appellant of the forfeiture proceeding. Furthermore, while appellant testified that he was in Florida at the time of the seizure, appellant neither indicated where he was in fact residing during the notification period, nor offered any evidence that the FBI should have been aware of a different address. *See Robinson v. Hanrahan,* 409 U.S. 38, 40, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972). Under these circumstances, the government's effort to send the letters to the place not only where the property was seized, but also Latham's last known address is "reasonably calculated under all the circumstances" to notify Latham of the forfeiture proceedings. *DePiero v. City of Macedonia,* 180 F.3d 770, 788–89 (6th Cir.1999)(serving a summons to the plaintiff's last know address sufficient under *Mullane* where the plaintiff was not incarcerated and where the city had no information about plaintiff's whereabouts that would give the city reason to suspect he would not actually receive notice mailed to his last known address), *cert. denied,* 528 U.S. 1105, 120 S.Ct. 844, 145 L.Ed.2d 713 (2000). The FBI also published notice in the *New York Times,* a newspaper available not only in the judicial district in which the forfeiture proceeding was brought, but in Florida where Latham alleges he was residing. Because of Latham's fugitive status, there is little else the FBI could have done to apprise him of the pendency of the action and afford him an opportunity to present his objections. *Mullane,* 339 U.S. at 314.

 The fact that both certified letters and the published notices in the *New York Times* contained the incorrect middle initial for the defendant is not sufficient to render the notices ineffective. With respect to the certified letters, Latham does not assert that he received the certified letters and failed to sign for them or open them because the letters were addressed to a different Larry Latham. Nor does he assert that the postal service failed to deliver the mail to 1385 East Maynard because it read Larry E. Latham as opposed to Larry M. Latham. Rather, he contends he never received the notices at all. Moreover, a mistake in the middle initial is not a significant error to cause a typical addressee to automatically reject certified mail containing the proper first and last name and proper address. This minor mistake in the certified letters does not rise to the level of a due process violation. *See, e.g., United States v. King,* 127 F.3d 483, 487 (6th Cir.1997)(noting that a typographical error in a section 851(a) sentencing, that otherwise satisfied due process, will not make the information invalid), *cert. denied,* 522 U.S. 1130, 118 S.Ct. 1082, 140 L.Ed.2d 139 (1998); *United States v.*

*Hamilton,* 208 F.3d 1165, 1168–69 (9th Cir.2000), *cert. denied,* 531 U.S. 867, 121 S.Ct. 164, 148 L.Ed.2d 111 (2000).

With respect to the newspaper notification, there is no requirement in the statute that the notice in a publication bear the name or names of the potential claimants. The statute only requires a description of the property, the time, cause, and place of seizure, and a summary of the procedures one would follow to file a claim. *See* 21 C.F.R. § 1316.75(b). Latham does not contend that the government failed to follow the statutory requirements, but rather argues that the discrepancy in his name caused the notice to be insufficient. With the exception of the middle initial, the remaining information was accurate and sufficient to notify appellant of the property seized and the circumstances of its seizure. Under these circumstances, the minor mistake is harmless. To hold otherwise "would elevat[e] form over substance." *King,* 127 F.3d at 487; *Hamilton,* 208 F.3d at 1169.

### III. CONCLUSION

Because the government's actions were "reasonably calculated, under all the circumstances" to apprise Latham of the pending forfeiture, the notice was sufficient under the Due Process Clause. Accordingly, the judgment of the district court is **AFFIRMED.**