**Sergio Crespo CARABALLO,**
**Plaintiff, Appellant,**

**v.**

**UNITED STATES of America, DRUG ENFORCEMENT ADMINISTRATION, Commonwealth of Puerto Rico, and Secretary of Treasury, Defendants, Appellees.**

**No. 02–1873.**

United States Court of Appeals,
First Circuit.

April 8, 2003.

Jose M. Rocafort Bustelo, for appellant.

Sylvia Roger–Stefani, Assistant Solicitor General, with whom Roberto J. Sanchez Ramos, Solicitor General, and Vanessa Lugo Flores, Deputy Solicitor General, were on brief, for appellee Commonwealth of Puerto Rico.

Jose Javier Santos Mimoso, Assistant U.S. Attorney, with whom H.S. Garcia, United States Attorney, and Miguel A.

---

Fernandez, Assistant U.S. Attorney, were on brief, for appellees United States of America and Drug Enforcement Administration.

Before TORRUELLA, Circuit Judge, COFFIN, Senior Circuit Judge, and LIPEZ, Circuit Judge.

PER CURIAM.

Appellant Sergio Crespo Caraballo seeks relief from the forfeiture of approximately $80,000 by the United States Drug Enforcement Administration (DEA) and requests cancellation of a related tax deficiency imposed by the Puerto Rico Treasury Department. The district court concluded that appellant's claims are not justiciable in federal court, and we agree, substantially for the reasons articulated by the district judge. We add a few additional comments, specifically directed to the forfeiture.

The money at issue was seized by agents of the Puerto Rico Treasury Department at the Luis Muñoz Marin International Airport in San Juan after a search of appellant's luggage following his flight from New York. That same day, the Treasury agents delivered the money to the DEA. Appellant suggests on appeal that the DEA's subsequent forfeiture of the cash was unlawful, and may be challenged in this action, on the ground that the search and seizure violated his Fourth Amendment rights. Putting aside appellees' argument that any reliance on the Fourth Amendment was waived because not raised below, we conclude that appellant's contention is in any event unavailing. "[E]ven an illegal seizure of property does not protect it against forfeiture so long as the government can sustain the forfeiture claim with independent evidence." *United States v. Rogers*, 102 F.3d 641, 648–49 (1st Cir.1996).

Here, however, the government was never obliged to substantiate the grounds for the forfeiture because appellant failed to respond to the DEA's administrative notice; his property was therefore summarily forfeited. *See* 19 U.S.C. § 1609. Appellant's inaction left him without a forum for his Fourth Amendment claim as it is well settled that, once an administrative forfeiture becomes final, the district court may review only the adequacy of notice. *See Garcia v. Meza*, 235 F.3d 287, 290 (7th Cir.2000) (if plaintiff's claims could have been raised in the administrative proceeding, but were not, "the forfeiture cannot be challenged in the district court under any legal theory," except to determine "whether the notice given ... afforded the claimant constitutional due process"); *United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir.1995) (per curiam).

The district court's discussion of notice, and its finding that notice was constitutionally adequate, largely suffices to put that issue to rest. We observe, in addition, that the minor discrepancy in the amount seized—the DEA notice listed the amount as $79,280 instead of $80,180—is not significant given that the notice specified the date of the seizure. The information available to appellant was " 'reasonably calculated, under all the circumstances, to apprise [him] of the pendency of [the] action and afford [him] an opportunity to present [his] objections,' " *Gonzalez–Gonzalez v. United States*, 257 F.3d 31, 35 (1st Cir. 2001) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). This was all that due process requires. *Id.* at 35–36.

Finally, appellant seeks to discredit the validity of the forfeiture by emphasizing that he was never charged with a drug-related crime and that the record contains no evidence linking the seized funds to any drug activity. To prosecute a civil forfei-

ture action, however, the government need not prove that the owner committed a crime. *See United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 361, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984)(acquittal on criminal charges does not bar a civil action for forfeiture)*; *DEA v. One 1987 Jeep,* 972 F.2d 472, 476 (2d Cir.1992) ("A forfeiture proceeding may even be commenced where no criminal action is brought."). As for the state of the record, appellant is correct that it lacks substantive support for the forfeiture. As explained above, however, this is a deficiency we have no authority to address.

*Affirmed.*

---

* The holding of *One Assortment of 89 Firearms* in the specific context of weapons forfeiture has been superseded by statute. *See* 18 U.S.C. § 924(d)(1).