**Not for publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-2148

UNITED STATES,

Appellee,

v.

JOSUE G. REYES-HERNANDEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté,  U.S. District Judge]

Before

Boudin, Chief Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

Josue G. Reyes-Hernandez on brief pro se.
H. S. Garcia, United States Attorney, Sonia I. Torres-Pabon,
Assistant United States Attorney, and Nelson Perez-Sosa, Assistant
United States Attorney, on brief for appellee.

May 14, 2003

**Per Curiam**.    In June 2002, four years after his conviction, the appellant, Josue G. Reyes-Hernandez, filed a motion in the district court, pursuant to Fed. R. Crim. P. 41(e)[1], seeking the return of $1055 that was found in his possession when he was arrested in 1997.   Reyes-Hernandez asserted that the criminal proceedings against him had concluded, that he was entitled to lawful possession of the money, and that he had no reason to believe that the government had instituted forfeiture proceedings with respect to the $1055.  Although served by Reyes-Hernandez, the government did not respond to the Rule 41(e) motion.  Nonetheless, six weeks later, the district court summarily denied it.  Reyes-Hernandez has appealed.

On appeal, the government has informed this court that it has no objection to the return of the $1055 to Reyes-Hernandez. Accordingly, we <u>vacate</u> the district court's order denying the Rule 41(e) motion and <u>remand</u> for entry of an order granting the Rule 41(e) motion.  Where no forfeiture proceeding with respect to the $1055 has been instituted, nor is any such proceeding intended to be instituted, the government does not convincingly argue that the district court lacked jurisdiction to grant Reyes-Hernandez's requested relief.   Similarly unconvincing is the government's

---

[1]Effective December 1, 2002, Rule 41 was amended and reorganized.  What was formerly Rule 41(e) is now found at Rule 41(g) with minor stylistic changes.  We refer to the formulation, i.e., Rule 41(e), effective at the time of Reyes-Hernandez's June 2002 filing.

suggestion that Reyes-Hernandez should be required to file a separate civil action pursuant to 28 U.S.C. § 1331. Even were we to conclude that a Rule 41(e) motion is an inappropriate vehicle by which to obtain the requested relief, we would also conclude that the district court erred in failing to treat the Rule 41(e) motion as a civil complaint. See United States v. Giraldo, 45 F.3d 509 (1st Cir. 1995) (per curiam).

The district court order entered on July 31, 2002 denying the motion for return of property is vacated and the case is remanded for entry of an order granting the motion.