**Reddick BORKINS, III, Plaintiff–Appellant,**

v.

**WAYNE COUNTY SHERIFF DEPARTMENT, et al., Defendants–Appellees.**

No. 03–1076.

United States Court of Appeals, Sixth Circuit.

Sept. 11, 2003.

Reddick Borkins, III, pro se, Inkster, MI, for Plaintiff–Appellant.

Ellen E. Mason, Department of Corporation Counsel, Dia C. Mason, Julie Q. Dufrane, Wayne County Corporation Counsel, Detroit, MI, for Defendant-Appellee.

Before KENNEDY, GUY, and DAUGHTREY, Circuit Judges.

### ORDER

■ Reddick Borkins, III, appeals a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Borkins filed his complaint and an amended complaint in the district court alleging that, after he was arrested by federal marshals and two defendant deputies of the Wayne County Sheriff's Department in the doorway of a hotel room, the defendants deputy sheriffs illegally confiscated $1500 cash that belonged to Borkins from the hotel room and initiated forfeiture proceedings under Michigan law. Plaintiff sought declaratory and injunctive relief and compensatory and punitive damages. Defendants filed an answer, and plaintiff filed a motion for leave to file a second amended complaint. Defendants then moved to dismiss plaintiff's complaint or for summary judgment, and plaintiff responded in opposition. The magistrate judge recommended that defendants' motion to dismiss the complaint be granted, and denied plaintiff's motion for leave to file a second amended complaint. Over plaintiff's objections, the district court adopted the magistrate judge's recommendation and dismissed the complaint. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff reiterates his contentions that his money was illegally seized and forfeited, and contends that he stated a claim upon which municipal liability can be imposed and that the individual defendants are not entitled to qualified immunity. Defendants respond that plaintiff has abandoned his illegal search claim on appeal and that the district court's judgment was proper. Upon de novo review, *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1239–40 (6th Cir.1993), we affirm the district court's judgment.

First, defendants correctly note that, by failing to address the claim in his brief on appeal, plaintiff has abandoned his claim that defendants illegally searched the hotel

room. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996). Moreover, the district court correctly concluded that plaintiff lacked standing to object to any search of the hotel room in which he was arrested because the room was rented by someone else. *See Minn. v. Carter,* 525 U.S. 83, 88–91, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998); *Rakas v. Ill.,* 439 U.S. 128, 133–34, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Finally, it is noted that plaintiff did not deny in his objections to the magistrate judge's report and recommendation evidence that plaintiff asked officers to retrieve the money from his jacket pocket. Accordingly, we hold that plaintiff's illegal search claim lacks merit in any event.

■ Second, plaintiff's claims that his money was illegally seized and forfeited lack merit as well. The district court correctly limited its review of the forfeiture to whether plaintiff received due process, because plaintiff did not timely challenge the administrative forfeiture. *See United States v. Giraldo,* 45 F.3d 509, 511 (1st Cir.1995). Nonetheless, the record establishes that plaintiff was not denied the opportunity to challenge the forfeiture, because his belated challenge to the forfeiture was rejected on the merits. Although a subsequent motion to reconsider or for an appeal was denied because plaintiff had not submitted the $250 bond within 20 days as required under Michigan law, we conclude that plaintiff was not denied due process under the circumstances of this case.

We need not reach plaintiff's remaining claims on appeal. Nonetheless, we note that the district court correctly concluded that defendants are entitled to qualified immunity because they violated none of plaintiff's constitutional rights. *See Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272, (2001); *Higgason v. Ste-*

*phens,* 288 F.3d 868, 876–77 (6th Cir.2002). Further, plaintiff identified no county custom or policy or supervisory authorization that could support liability under § 1983 even if a constitutional violation is assumed. *See Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 122–24, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984). Accordingly, plaintiff's remaining claims lack merit in any event.

For the foregoing reasons, we affirm the district court's judgment. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.